UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>*Plaintiffs*,<br><br>v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>*Defendants*. | Civil Action No. 23-cv-20773 (MEF)(MAH)<br><br><u>ORDER</u> |

\* \* \*

For the purposes of this brief Order, the Court assumes full familiarity with this case.

\* \* \*

Some of the Defendants[1] have moved to dismiss for lack of personal jurisdiction. See Docket Entries 11 & 20.

---

[1] The moving defendants are (1) CFT Solutions, LLC, Renan De Rocha Gomes Basos, and Arthur Percy, as to Docket Entry 11, and (2) Yvenson Israel, as to Docket Entry 20.

In response, the Plaintiffs contend that there is jurisdiction based on 18 U.S.C. § 1965(b), which applies in civil RICO Cases such as this one. See Opposition to Motion to Dismiss at 10-28.

The asserted relevance of Section 1965(b): (1) one of the defendants (the "Outreach Defendant"[2]) had sufficient contacts with New Jersey for the Court to exercise specific personal jurisdiction over him, and (2) under 18 U.S.C. § 1965(b), the Court may therefore exercise jurisdiction over the other defendants, because the "ends of justice require" it. See id.[3]

\* \* \*

"[J]urisdictional discovery should be allowed unless the plaintiff's [jurisdictional] claim is clearly frivolous." Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997) (cleaned up).

\* \* \*

The first part of the Plaintiffs' jurisdictional "claim," as noted above, is that the Outreach Defendant had sufficient contacts with New Jersey for the Court to exercise specific personal jurisdiction over him.

In support, the Plaintiffs allege, with accompanying evidence, that the Outreach Defendant contacted nine of them, all of whom are New Jersey residents. See Complaint ¶¶ 60-65; Opposition to Motion to Dismiss, Ex. 12, Declarations of 8 Plaintiffs ¶¶ 3-6; Opposition to Motion to Dismiss, Ex. 14 ¶¶ 5-11. The Outreach Defendant contacted these New Jersey residents to sell them as to the alleged fraudulent scheme at issue in this lawsuit. See Complaint ¶¶ 60-65; Opposition to Motion to Dismiss, Ex. 12 ¶¶ 4-6; Opposition to Motion to Dismiss, Ex. 14 ¶¶ 5-11. To at least eight of the New Jersey residents, the Outreach Defendant represented that he was doing so on behalf of, among others, certain other Defendants here. See Opposition to Motion to Dismiss, Ex. 12 ¶¶ 4, 6. And eight of the New Jersey resident-

---

[2] The Outreach Defendant is Elido Santana.

[3] Establishing jurisdiction under 18 U.S.C. § 1965(b) requires showing that at least one of the defendants "meets the traditional contacts test" for personal jurisdiction. See Laurel Gardens, LLC v. Mckenna, 948 F.3d 105, 120 (3d Cir. 2020).

2

Plaintiffs offer evidence that they informed the Outreach Defendant that they, indeed, were New Jersey residents --- by providing a New Jersey identification card, which the Outreach Defendant acknowledged receiving. See Opposition to Motion to Dismiss, Ex. 12 ¶¶ 7-9; see also Opposition to Motion to Dismiss, Ex. 14 ¶¶ 3-4 (the ninth New Jersey resident-Plaintiff declaring that he had informed the Outreach Defendant that he resided in New Jersey before the Outreach Defendant touted the alleged scheme to him).

All of this cuts in favor of jurisdictional discovery, as the Third Circuit has allowed for such discovery where, among other things, a defendant knowingly sent relevant communications into the forum state. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 100 (3d Cir. 2004); see also Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003) (allowing for jurisdictional discovery where the defendant sent emails to New Jersey purchasers of the relevant product).

\* \* \*

The second step of the Plaintiffs' jurisdictional "claim," as noted above, is that the "ends of justice require" the Court to exercise jurisdiction over the rest of the Defendants, as allowed under 18 U.S.C. § 1965(b). See generally Laurel Gardens, 948 F.3d at 120.[4]

This argument, see footnote four, is not "clearly frivolous," and that weighs in favor of jurisdictional discovery. See Andover, 107 F.3d at 1042.

\* \* \*

---

[4] The "ends of justice" may potentially "require" an exercise of jurisdiction only where there is no single forum that can otherwise exercise "traditional jurisdiction" over all the defendants that were part of the alleged conspiracy. See Laurel Gardens, 948 F.3d at 120-121 (leaving the question open, but noting that is the law in at least one circuit). Here, the Plaintiffs argue there is no forum that could take jurisdiction over all the defendants. See Opposition to Motion to Dismiss at 26-28; see also Complaint ¶¶ 20-27.

3

Here, jurisdictional discovery could potentially be useful, for a fuller understanding of (1) the New Jersey contacts involving Defendants other than the Outreach Defendant, (2) a clearer picture of the relationship between the other Defendants and the Outreach Defendant, so as to determine whether the Outreach Defendant's contacts with New Jersey can be imputed to the other Defendants, and (3) whether there is or is not another forum where "traditional jurisdiction," Laurel Gardens, 948 F.3d at 121, could lie over all the Defendants.

Accordingly, the motions to dismiss, see Docket Entries 11 & 20, are denied without prejudice, and appropriately tailored and expeditious jurisdictional discovery under the supervision of the United States Magistrate Judge may now go forward.[5]

It is on this 30th day of May, 2024 **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.

---

[5] Note that when the motions to dismiss were briefed, the Outreach Defendant had not yet been served. The Defendants argued that this potentially created a barrier to his contacts with New Jersey forming a basis for jurisdiction here. See Reply Brief at 3 (Docket Entry 40). However, it appears the Outreach Defendant has now been served. See Declaration of Service (Docket Entry 48); see also Order (May 8, 2024). Accordingly, the Defendants' argument appears to be moot.

4