UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KHALED ELSISI, NAJY KANAN, AHMED
KHDER, ASHER BOMANI LEWIS,
RICARDO MARQUEZ, CHRISTINE LINDA
MASTERS, LUIS PINOS, GABRIELA
JANETA ROMAN, BARRY ROSNER,
AHMED SHARAFELDIN, STUART
WAYNE SPRINGFIELD, CHRISTOPHER
EMANUEL SZABO, LINWOOD WALKER,
and ROBERT YENG,

      Plaintiffs,

2:23-cv-20773 (MEF-MAH)

v.

**ORDER, FINDINGS OF FACT, AND CONCLUSIONS OF LAW**

CFT SOLUTIONS, LLC, RENAN DE
ROCHA GOMES BASTOS, YVENSON
ISRAEL, ARTHUR PERCY, CHUCK
MARSHALL, DIVINE-SEVEN EL,
MICHAEL JEX, ELIDO SANTANA

      Defendants.

THIS MATTER is before the Court on the Plaintiff Counsel's Motion to Seal, filed under temporary seal as Memorandum of Law (ECF No. 76), Affirmation of Elena Fast (ECF No. 76-1), and the Declarations of the Plaintiffs (ECF No. 76-2) submitted in support of the Elena Fast and Michael Perkins' Motion to Withdraw as Attorney for Plaintiffs; and the Court having considered the submissions of the parties; and the Court having made the following findings of fact and conclusions of law, pursuant to Local Civil Rule 5.3(c); and for good cause having been shown:

1. On September 28, 2023, Plaintiffs, through then-counsel John Jenkins, Esq., filed the instant Complaint against Defendants, alleging *inter alia*, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) contrary to 18 U.S.C. §§ 1962(c) and 1964(c). (ECF No. 1).

2. On December 6, 2024, Elena Fast, Esq. filed a second renewed Motion to Withdraw as Attorney for Plaintiffs. (ECF No. 75). In support of that motion, Ms. Fast submitted under temporary seal, a Memorandum of Law (ECF No. 76), the Affirmation of Elena Fast (ECF No. 76-1), and the Declarations of the Plaintiffs (ECF No. 76-2).

3. On December 17, 2024, Plaintiff's counsel filed redacted versions of the Memorandum of Law, the Affirmation of Elena Fast, and the Declarations of the Plaintiffs on the public docket. (ECF No. 79).

4. Plaintiff's counsel seeks to permanently seal portions of those three documents.

5. There is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).

6. However, "the common law right of access is 'not absolute'" and the presumption of access may be rebutted where the party seeking sealing demonstrates "'that the interest in secrecy outweighs the presumption.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). "The movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

7. Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes:

   a. the nature of the materials or proceedings at issue;

   b. the legitimate private or public interest which warrants the relief sought;

   c. the clearly defined and serious injury that would result if the relief sought is not granted;

   d. why a less restrictive alternative to the relief sought is not available;

   e. any prior order sealing the same materials in the pending action; and

   f. the identity of any party or nonparty known to be objecting to the sealing request.

8. The documents at issue contain attorney-client communications, attorney work product, and prospective case strategy.

9. Therefore, counsel for the Plaintiffs seeks to file these documents under seal to avoid public disclosure of confidential and/or privileged information.

10. After review of the Memorandum of Law (ECF No. 76), the Affirmation of Elena Fast (ECF No. 76-1), and the Declarations of the Plaintiffs (ECF No. 76-2), this Court agrees with this assertion. The Court finds that full disclosure of these records to the public, via publication on the Court's docket, is unnecessary and would disclose confidential information that would injure the Plaintiffs, and their counsel's, interests in keeping this information confidential.

11. There is no less restrictive alternative to the appropriately tailored redactions made in those documents already filed on the Court's public docket (ECF No. 79). The unsealed materials available on the public docket provide information for the public to understand

the implicated legal issues, factual circumstances, and issues of dispute between the parties.

12. Maintaining these records under permanent seal will cause no prejudice to the Defendants because the unsealed portions of the documents are sufficient to inform them of the essential facts contained in the pending Motion to Withdraw as Attorney.

13. Counsel for the Defendants - Joe Grant, Esq. and Justin Kaplan, Esq. do not object to this motion.

14. Plaintiffs' counsel submitted the filing at issue, ECF No. 76, under temporary seal in accordance with the Local Rules of the Court and now moves for permanent sealing of the documents.

15. Accordingly, the Court finds that good cause exists to seal the documents at issue under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and Local Civil Rule 5.3(c). The Court therefore permits the Clerk of the Court to maintain these documents under seal.

**SO ORDERED**

*s/Michael A. Hammer*
**Michael A. Hammer, U.S.M.J.**

Date: 1/8/25

Hon. Michael A. Hammer
United States Magistrate Judge