# UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

### (856) 757-5020

CHAMBERS OF
RENÉE MARIE BUMB
CHIEF JUDGE

Mitchell H. Cohen
Federal Courthouse
P.O. Box 2797
Camden, New Jersey 08102

**February 18, 2025**

**Via ECF**
Gabriela Janeta Roman
10020 NW 50th Manor
Coral Springs, FL 33076

    **RE:** *Elsisi et al. v. CFT Solutions, LLC et al.*, No. 23-20773 (MEF-MAH)

Dear Ms. Roman:

    I am in receipt of your letter dated February 4, 2025. In that letter, you and your co-plaintiffs complain of "procedural irregularities" in the above-captioned case pending before Judge Farbiarz and Magistrate Judge Hammer. These "procedural irregularities" apparently include "[m]ultiple properly submitted filings" remaining undocketed in an effort by Judge Hammer to "interfere with" you and your co-plaintiffs' ability to proceed pro se." [Letter at 1.]

    As an initial matter, it appears as though some of your filings were not docketed given a then-pending (and now renewed) motion to withdraw before Judge Hammer, filed by your attorneys. [Docket Nos. 56, 68, 75.] It is plainly within the Court's authority to limit pro se filings submitted while still represented by counsel. [*See* Docket No. 65 (requiring that "any communications of filings by the Plaintiffs may proceed only through counsel of record"); *United States v. D'Amario*, 268 Fed. App'x. 179, 180 (3d Cir. 2008) (holding that District Court acts within its authority to issue limitations on party's pro se filings submitted while represented by counsel).]

    Moreover, as Chief Judge, I do not have the authority to decide, interfere with, or otherwise rule on cases that are not assigned directly to me. The assigned Judge, alone, renders all decisions in the case before them. If a litigant is dissatisfied with the outcome of her case, she may appeal to the United States Court of Appeals for the Third Circuit at the appropriate time.

    Please be advised that the Court does not intend to respond to any further letters requesting the same relief.

        Sincerely,

        **s/Renée Marie Bumb**
        Renée Marie Bumb
        Chief United States District Judge

cc:    Hon. Michael E. Farbiarz, United States District Judge
       Hon. Michael A. Hammer, United States Magistrate Judge
       All parties and counsel via ECF

Date: February 4, 2025

**Honorable Renée Marie Bumb**

Chief United States District Judge

Mitchell H. Cohen Building & U.S. Courthouse

4th & Cooper Streets

Camden, NJ 08101

RECEIVED

FEB 11 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

**Re: Concerns Regarding Procedural Irregularities in Case:** Elsisi et al. v. CFT Solutions, LLC et al. 2:23-cv-20773-MEF-MAH

Dear Chief Judge Bumb,

We, the undersigned plaintiffs respectfully write to bring to your attention concerns regarding procedural irregularities in our case currently before Judge Farbiarz in the Newark Division. While we have submitted a formal request to Judge Farbiarz regarding these matters, we are writing to you as a backup measure, should our concerns not reach him or fail to receive the necessary attention.

Specifically, we have raised serious concerns regarding:

1. **Filings Not Being Docketed** – Multiple properly submitted filings remain undocketed, despite clerk confirmations of receipt. This includes responses to court orders and motions affecting the progression of our case.

2. **Magistrate Judge Overreach** – The assigned magistrate judge has taken actions that have suppressed filings, interfered with plaintiffs' ability to proceed pro se, and imposed unnecessary procedural burdens.

3. **Selective Enforcement of Court Procedures** – There appears to be inconsistent handling of filings, with some being docketed and others being held indefinitely without explanation.

We have taken the appropriate steps by first addressing these concerns directly with Judge Farbiarz. However, given the procedural delays and the risk that our filings may not reach him, we seek your awareness and intervention if necessary.

Our only request is for fair and transparent proceedings. We want to ensure that all filings are properly docketed, that we are not unfairly hindered in pursuing our case, and that procedural rules are applied consistently and without bias.

We are attaching the documents we sent to Judge Farbiarz.

We appreciate your time and consideration in reviewing this matter. Please let us know if there are any additional steps we should take to ensure these concerns are addressed appropriately.

Sincerely,

The Plaintiffs

February 4, 2025

The Honorable Michael E. Farbiarz
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Re: Urgent Request for Judicial Intervention in Magistrate's Handling of Case

Case: Elsisi et al. v. CFT Solutions, LLC et al. 2:23-cv-20773-MEF-MAH

Dear Judge Farbiarz,

We, the undersigned plaintiffs, respectfully write to formally request your intervention regarding the magistrate judge's handling of our case, which has resulted in procedural overreach and suppression of filings. Plaintiffs are also requesting reassignment to a different magistrate judge due to concerns about bias and obstruction.

The Plaintiffs recognize and appreciate Your Honor's prior rulings, particularly your decision on September 24, 2024, to take direct jurisdiction over the Plaintiffs' amended complaint and motion to void arbitration. However, since then, the magistrate judge has taken actions that have:

- Interfered with filings that were set before you for a decision,
- Suppressed critical court filings from entering the docket,
- Placed unnecessary burdens on plaintiffs by requiring in-person hearings solely for counsel withdrawal,
- Demonstrated bias in favor of defense counsel by allowing their input on matters that concern only plaintiffs, such as their ability to proceed pro se,
- Refused to grant the withdrawal of Plaintiffs' former counsel despite her explicit refusal to continue representation, effectively forcing us into unwanted

1

representation, even after she properly filed and submitted everything the magistrate judge requested.

Given the serious impact these delays and procedural irregularities have had on the case, the Plaintiffs can no longer trust that the magistrate judge is handling this matter impartially. Plaintiffs respectfully ask that Your Honor take action to correct these issues.

**Pattern of Unreasonable Delays and Procedural Obstruction**

1. July 16, 2024 – Plaintiffs' former attorney, Elena Fast, filed a motion to withdraw. The court initially stated it would rule on paper by August 19, 2024.

2. After Mrs. Fast filed a request for an expedited ruling and explicitly stated her refusal to continue representation, the magistrate judge canceled the scheduled decision and instead ordered an in-person hearing for October 9, 2024, requiring all plaintiffs—including those residing in Australia—to attend.

3. September 10, 2024 – Plaintiffs filed a motion for leave to continue pro se and submitted proposed documents for the Court's review requesting permission to introduce them in the event they were granted pro se status:

   - An proposed amended complaint,
   - A proposed motion to void the LPOAs and arbitration agreements.

   These documents were not formally filed but were included as part of the motion for leave to proceed pro se for the Court's consideration.

4. September 24, 2024 – Your Honor ruled that the proposed documents were referred to you, and on September 30, you scheduled a ruling on them for October 7, 2024.

5. September 29, 2024 – Plaintiffs filed a request for a hybrid meeting for the October 9 hearing, which the magistrate judge granted as a fully remote meeting. However, at the same time, he terminated the proposed September filings, stating that Plaintiffs could not file pro se and asserting, *"It appears that the foregoing motions have been improperly filed by the individual plaintiffs while they remain represented by counsel."*

This characterization was incorrect. Plaintiffs did not file these documents; rather, they submitted them as proposed filings while seeking the Court's permission to proceed pro se. Plaintiffs intended to formally file the documents only after being granted leave to proceed.

6. October 9, 2024 – The magistrate judge held the Zoom meeting:
   - He instructed plaintiffs not to speak.
   - Stated that he understood why Plaintiffs submitted filings pro se, given that our attorney refused representation.
   - He expressed concerns about 14 plaintiffs continuing pro se, despite no procedural rule barring this.
   - He asked defense counsel if they opposed the Plaintiffs proceeding pro se—a decision that should have been entirely Plaintiffs' to make.
   - He ordered Fast to refile her withdrawal with a brief and told her and the Plaintiffs to try and "patch up" their relationship.

7. October 27, 2024 – Plaintiffs submitted a brief exposing Fast's misrepresentation in her withdrawal filings.
   - This filing was never posted in the docket.
   - Upon inquiry, the clerk stated that the Plaintiffs "cannot file pro se."

8. Yet, Plaintiffs' filing from February 2024 (before retaining Fast) was docketed, along with all filings submitted on September 10. This

3

inconsistency suggests a deliberate selective enforcement to block Plaintiffs' recent filings.

9.  Plaintiffs were later given permission to respond to Fast's withdrawal brief. However, once again, their response was never docketed.

10. January 6, 2025 – The magistrate was supposed to rule on paper on Fast's withdrawal.

11. January 8, 2025 – Instead of ruling, the magistrate judge suddenly changed course and ordered another in-person hearing for February 25, 2025, forcing all plaintiffs—including those out of state and overseas—to attend. This hearing is unwarranted as it is strictly about Fast's withdrawal, which Plaintiffs have already made clear is no longer an issue. Plaintiffs have unequivocally stated that Fast's representation is out of the question and that some are suing her. Holding an in-person hearing serves no legitimate purpose and unnecessarily burdens the plaintiffs.

12. The Plaintiffs requested a Zoom meeting for the February 25 hearing, but that request has yet to be docketed.

**Evidence of Bias, Judicial Overreach, and Legal Violations**

The magistrate judge's actions are not only improper but also violate federal laws and judicial ethics rules, including:

1.  28 U.S. Code § 455 - Disqualification of Judges

    • Bias or Prejudice: The magistrate's written statement expressing concern over 14 pro se litigants being "presumably inexperienced" demonstrates preconceived bias against Plaintiffs' right to self-representation.

    • Conflict of Interest: By making rulings that favor defense counsel and hinder plaintiffs, the magistrate has compromised judicial neutrality, warranting reassignment.

4

2. Federal Rules of Civil Procedure (FRCP) Rule 5(d) & Local Rules – Docketing Requirements

Failure to Docket Filings:

- The magistrate ordered or permitted responses but failed to enter them into the docket.
- All properly submitted filings must be docketed, even if later stricken.
- Omitting filings from the record is a direct violation of court transparency requirements.

3. Due Process Clause of the Fifth Amendment (U.S. Constitution)

- Suppression of filings violate Plaintiffs' procedural due process rights.
- The magistrate's failure to rule on key motions (Fast's withdrawal, pro se status) deprives plaintiffs of their right to a fair and timely process.

**Case Law**

*Judge Robert Clive Jones:* In 2016, the Ninth Circuit Court of Appeals removed Judge Jones from a case involving ranchers who grazed cattle on federal property without a permit. The appellate court found that Judge Jones had "harbored animus" against federal agencies and exhibited bias, leading to his reassignment to maintain the appearance of justice.

*Judge Peter E. Brownback III:* Appointed as a presiding officer on the Guantanamo military commissions, Judge Brownback was replaced in 2008 after he dismissed charges against a detainee, Omar Khadr, citing lack of jurisdiction. His removal was seen as a response to disagreements over legal interpretations and procedural decisions.

02/04/2025

5

*Judge John R. Adams:* In 2015, the Sixth Circuit Court of Appeals removed Judge Adams from a lawsuit filed by firefighters against the city of Akron, citing his contribution to delays and questioning his impartiality. The appellate court's decision was aimed at ensuring a fair trial process.

**Plaintiffs Requests**

1. Immediate docketing of all filings, including the Plaintiffs' response to Fast's withdrawal brief and all previously suppressed submissions.

2. A formal ruling confirming Plaintiffs' pro se status.

3. Reassignment of this case to a different magistrate judge under 28 U.S.C. § 455(a) due to reasonable concerns about bias. Given the serious concerns about bias and procedural obstruction, Plaintiffs respectfully request that Your Honor personally oversee the reassignment process to ensure that the case is assigned to a fair and impartial magistrate, rather than through a random selection that could result in another biased appointment. Plaintiffs believe that Your Honor, having reviewed the case extensively and ruled fairly in the past, is in the best position to determine an appropriate magistrate who will uphold the integrity of these proceedings.

4. Cancellation of the February 25 hearing, as it pertains solely to Mrs. Fast's withdrawal. The Plaintiffs have clearly stated their intent to pursue legal action against Mrs. Fast, creating a conflict of interest and making any further representation untenable. Some Plaintiffs have already sent a letter of intent and a proposed complaint to Mrs. Fast, and they informed the court of this in their January 27 filing.

5. A status conference with Your Honor to address these urgent concerns and ensure Plaintiffs' right to fair proceedings.

**Conclusion**

6

The magistrate judge's actions have obstructed our ability to pursue our case. This pattern of behavior raises serious concerns about bias and judicial misconduct. We ask that Your Honor take immediate action to restore fairness and transparency to this proceeding.

We appreciate your time and consideration. Please let us know how we should proceed.

Respectfully submitted,

Gabriela Janeta Roman – Pro Se
Address: 10020 NW 50th Manor
          Coral Springs, FL 33076
Phone: (954)682-1985
Email: roma1531@gmail.com

*Gabriela Roman*         2/4/2025
_____
Plaintiff's Signature/Signed on

Christopher Emanuel Szabo – Pro Se
Address: 10020 NW 50th Manor
          Coral Springs, FL 33076
Phone: (954)682-2988
Email: christoperemanuelszabo@gmail.com

*CMS*                    2/4/2025
_____
Plaintiff's Signature/Signed on

Khaled Elsisi – Pro Se
Address: 735 Galloping Hill Rd
          Union, NJ 07083
Phone: (201)365-8524
Email: khaled_elsisi19@hotmail.com

*Khaled Elsisi*     02/04/2025
_____

7

Plaintiff's Signature/Signed on

Linwood Walker -- Pro Se
Address: 63 Elm Street
          Florham Park, NJ 07933
Phone: (973)525-7790
Email: Lwalker3402@yahoo.com

*Linwood Walker*    02/04/2025
Plaintiff's Signature/Signed on

Najy Kanan -- Pro Se
Address: 5 McCabe Ct
          Little Ferry, NJ 07643
Phone: (201)600-2770
Email: Najy123@gmail.com

*Najy Kanan*    02/04/2025
Plaintiff's Signature/Signed on


Robert Yeng -- Pro Se
Address: 46 Marina Drive
          Bayonne, NJ 07002
Phone: (201)238-0074
Email: ryeng2012@gmail.com

*Robert Yeng*    02/04/2025
Plaintiff's Signature/Signed on

Luis Pinos -- Pro Se
Address: 199 Alton St
          Elizabeth, NJ 07202
Phone: (201)838-5897
Email: luispinos64@yahoo.com

*Luis Pinos*    02/04/2025

8

Plaintiff's Signature/Signed on

Ahmed Sharafeldin – Pro Se
Address: 482 Avenue E
          Bayonne, NJ 07002
Phone: (201)253-9960
Email: ahmed.m.sharafeldin@gmail.com

*Ahmed Sharafeldin*   02/04/2025
Plaintiff's Signature/Signed on

Ricardo Marquez – Pro Se
Address: 122 Watson Ave
          Newark, NJ 07112
Phone: (732)322-6866
Email: MARQUEZSALES16@gmail.com

*Ricardo Marquez*   02/04/2025
Plaintiff's Signature/Signed on


Barry Rosner – Pro Se
Address: 50 Morris Ave, Fl 1
          Summit, NJ 07901
Phone: (973)960-6520
Email: barry.rosner@route22toyota.com

*Barry Rosner*   02/04/2025
Plaintiff's Signature/Signed on

Ahmed Khedr – Pro Se
Address: 358 Kettle Creek Rd, #4
          Toms River, NJ 08753
Phone: (732)664-5502
Email: ahmedkhedr5161@gmail.com

*Ahmed Khedr*   02/04/2025

9

Plaintiff's Signature/Signed on

Asher Bomani Lewis – Pro Se
Address: 3668 El Toro Street
        Las Vegas, NV 89121
Phone: (909)635-7445
Email: inevitablegains@gmail.com

*Asher Bomani Lewis*   02/04/2025
Plaintiff's Signature/Signed on


Stuart Wayne Springfield – Pro Se
Address: 14/3 Ferguson Street
        Maylands 6051 Western Australia
Phone: 61-438-241-970
Email: stuartspringfield@gmail.com

*Stuart Springfield*   02/04/2025
Plaintiff's Signature/Signed on

Christine Linda Masters – Pro Se
Address: 14/3 Ferguson Street
        Maylands 6051 Western Australia
Phone: 61-416-802-023
Email: chrissy.masters@icloud.com

*Christine Masters*   02/04/2025
Plaintiff's Signature/Signed on


**CERTIFICATE OF SERVICE**

We hereby certify that we have not copied defendants' counsel on this letter to ensure the

Court's receipt of this document without risk of interference. Given prior concerns that

10

filings have not consistently reached the docket, we wish to confirm that Your Honor received this document before providing a copy to all counsel of record.

Gabriela Janeta Roman – Pro Se
Address: 10020 NW 50th Manor
          Coral Springs, FL 33076
Phone: (954)682-1985
Email: roma1531@gmail.com

_Gabriela Roman_                2/4/2025

Plaintiff's Signature/Signed on

Christopher Emanuel Szabo – Pro Se
Address: 10020 NW 50th Manor
          Coral Springs, FL 33076
Phone: (954)682-2988
Email: christopheremanuelszabo@gmail.com

_(signature)_                2/4/2025

Plaintiff's Signature/Signed on

Khaled Elsisi – Pro Se
Address: 735 Galloping Hill Rd
          Union, NJ 07083
Phone: (201)365-8524
Email: khaled_elsisi19@hotmail.com

_Khaled Elsisi_                02/04/2025

Plaintiff's Signature/Signed on

Linwood Walker – Pro Se
Address: 63 Elm Street
          Florham Park, NJ 07933
Phone: (973)525-7790
Email: Lwalker3402@yahoo.com

11

*Linwood Walker*    02/04/2025

Plaintiff's Signature/Signed on

Najy Kanan – Pro Se
Address: 5 McCabe Ct
          Little Ferry, NJ 07643
Phone: (201)600-2770
Email: Najy123@gmail.com

*Najy Kanan*    02/04/2025

Plaintiff's Signature/Signed on


Robert Yeng – Pro Se
Address: 46 Marina Drive
          Bayonne, NJ 07002
Phone: (201)238-0074
Email: ryeng2012@gmail.com

*Robert Yeng*    02/04/2025

Plaintiff's Signature/Signed on

Luis Pinos – Pro Se
Address: 199 Alton St
          Elizabeth, NJ 07202
Phone: (201)838-5897
Email: luispinos64@yahoo.com

*Luis Pinos*    02/04/2025

Plaintiff's Signature/Signed on

Ahmed Sharafeldin – Pro Se
Address: 482 Avenue E
          Bayonne, NJ 07002
Phone: (201)253-9960
Email: ahmed.m.sharafeldin@gmail.com

12

*Ahmed Sharafeldin*  02/04/2025
Plaintiff's Signature/Signed on

Ricardo Marquez – Pro Se
Address: 122 Watson Ave
        Newark, NJ 07112
Phone: (732)322-6866
Email: MARQUEZSALES16@gmail.com

*Ricardo Marquez*  02/04/2025
Plaintiff's Signature/Signed on

Barry Rosner – Pro Se
Address: 50 Morris Ave, Fl 1
        Summit, NJ 07901
Phone: (973)960-6520
Email: barry.rosner@route22toyota.com

*Barry Rosner*  02/04/2025
Plaintiff's Signature/Signed on

Ahmed Khedr – Pro Se
Address: 358 Kettle Creek Rd, #4
        Toms River, NJ 08753
Phone: (732)664-5502
Email: ahmedkhedr5161@gmail.com

*Ahmed Khedr*  02/04/2025
Plaintiff's Signature/Signed on

Asher Bomani Lewis – Pro Se
Address: 3668 El Toro Street
        Las Vegas, NV 89121
Phone: (909)635-7445
Email: inevitablegains@gmail.com

13

*Asher Bomani Lewis*   02/04/2025

Plaintiff's Signature/Signed on


Stuart Wayne Springfield – Pro Se
Address: 14/3 Ferguson Street
            Maylands 6051 Western Australia
Phone: 61-438-241-970
Email: stuartspringfield@gmail.com

*Stuart Springfield*   02/04/2025

Plaintiff's Signature/Signed on



Christine Linda Masters – Pro Se
Address: 14/3 Ferguson Street
            Maylands 6051 Western Australia
Phone: 61-416-802-023
Email: chrissy.masters@icloud.com

*Christine Masters*   02/04/2025

Plaintiff's Signature/Signed on

14

**gabriela roman** <roma1531@gmail.com>                                    Tue, Oct 29, 2024,

to NJD-HelpDesk ▼

Dear Clerk,

We send a notice on 10/27 to be filed. I would like to know if you received it.
Thank you.

The Plaintiffs

**NJD-HelpDesk** <ecfhelp@njd.uscourts.gov>                               Tue, Oct 29, 2024,

to me ▼

Yes, it was received and forwarded for docketing.

Help Desk

**From:** gabriela roman <roma1531@gmail.com>
**Sent:** Tuesday, October 29, 2024 10:41 AM
**To:** NJD-HelpDesk <ecfhelp@njd.uscourts.gov>
**Subject:** Case 2:23-cv-20773-MEF-MAH ELSISI et al v. CFT SOLUTIONS, LLC - Notice of Pro Se Appearance



**gabriela roman** <roma1531@gmail.com>
to NJD-HelpDesk ▼

Tue, Oct 29, 2024, 10:41 AM

Dear Clerk,

We send a notice on 10/27 to be filed. I would like to know if you received it.
Thank you.

The Plaintiffs



**NJD-HelpDesk** <ecfhelp@njd.uscourts.gov>
to me ▼

Tue, Oct 29, 2024, 11:26 AM

Yes, it was received and forwarded for docketing.

Help Desk

---

**From:** gabriela roman <roma1531@gmail.com>
**Sent:** Tuesday, October 29, 2024 10:41 AM
**To:** NJD-HelpDesk <ecfhelp@njd.uscourts.gov>
**Subject:** Case 2:23-cv-20773-MEF-MAH ELSISI et al v. CFT SOLUTIONS, LLC - Notice of Pro Se Appearance



**NJD–HelpDesk** <ecfhelp@njd.uscourts.gov>

to me

Oct 29, 2024, 11:27 AM    ☆    ☺    ↩    ⋮

Yes, document was received, and forwarded to Chambers of Magistrate Judge Hammer. The filing has not been placed on the docket, because the Plaintiff(s) are still being represented by counsel and there is a pending motion to withdraw

Help Desk

**From:** gabriela roman <roma1531@gmail.com>
**Sent:** Tuesday, October 29, 2024 10:41 AM
**To:** NJD-HelpDesk <ecfhelp@njd.uscourts.gov>
**Subject:** Case 2:23-cv-20773-MEF-MAH ELSISI et al v. CFT SOLUTIONS, LLC - Notice of Pro Se Appearance

**CAUTION - EXTERNAL:**



**gabriela roman** <roma1531@gmail.com>    ✉ Sun, Dec 15, 2024, 9:45 PM    ☆  ☺ ↩

to NJD-HelpDesk, Justin.Kaplan, Elaine.Kussurelis, elyse.cohen, aagrawal, dferguson, lmurray, slapinski, ebecker, ksantiago, Christine.Coyle, Fast ▾

Dear Clerk,

The Plaintiffs in this case respectfully submit their responses to Mrs. Fast's Affirmation and request that the response and accompanying exhibits be placed under a temporary seal, as they contain attorney-client privileged information. Additionally, we kindly ask the Honorable Judge to inform us if a redacted version of the response will be required for the public docket.

We thank the Court for its assistance in this matter and acknowledge that, as previously informed, a motion to seal the documents must be filed within 30 days unless otherwise specified by the Court.

Respectfully submitted,
Gabriela Roman
on behalf of all the Plaintiffs

**2 Attachments** · Scanned by Gmail ⓘ    



📄 Response to attor...       📄 Exhibits.pdf

 **NJD-HelpDesk** <ecfhelp@njd.uscourts.gov>
to me ▾

Dec 16, 2024, 9:43 AM    ☆    ☺    ↩    ⋮

Good Morning,

Please be advised that your filing has been accepted and will be filed on the Court's docket as soon as practicable.

In accordance with Standing Order 2024-04, the District of New Jersey will no longer be accepting pro se filings through the Help Desk after **12/30/2024**. Pro se litigants shall file documents with the Clerk of Court as permitted by this Court's Local Civil Rules, specifically: (1) by mail; (2) by using the drop box in the respective courthouse lobbies; and/or (3) in person at the Clerk's office front counter, when the Clerk's office is open to the public.

Alternatively, the Court has adopted a pro se submission system called Alternate Document Submission ("ADS") where pro se litigants can electronically submit their documents to the Clerk's office for filing.  Detailed information and instructions for submitting documents for filing through ADS can be located on the Court's website.

Regards,

Melissa Johnson

 **gabriela roman** <roma1531@gmail.com>
to NJD-HelpDesk ▾

Mon, Feb 3, 8:36 PM (23 hours ago)    ☆    ☺    ↰    ⋮

Dear Clerk,

I hope you are doing well. I am reaching out to request clarification regarding multiple filings that do not appear to have been introduced into the docket, specifically those submitted on October 27, 2024, December 15, 2024, and January 27, 2025 (the latter being an automatic filing).

As per Federal Rules of Civil Procedure and established case law, every filing must be docketed, even if it is later stricken. Specifically:

1. Federal Rule of Civil Procedure 79(a)(2) mandates that "the clerk must keep a record of every paper filed," ensuring transparency and accountability in court proceedings.
2. 28 U.S.C. § 753(b) reinforces that an accurate record of proceedings and filings must be maintained.
3. Case law, such as In re McDonald, 489 U.S. 180 (1989), confirms that clerks do not have discretion to refuse to docket filings and that every submission must be entered into the record before the court takes any further action, including striking or denying it.

Given these legal standards, I would appreciate clarification on why these filings have not been docketed and whether there is an administrative issue that needs to be addressed. If any corrective action is required on our part, please let me know how we can resolve this matter promptly.

Thank you for your time and assistance. I look forward to your response.

Best regards,

The Plaintiffs



**NJD–HelpDesk**
to me ▾

☞ 8:59 AM (11 hours ago)    ☆    ☺    ↰    ⋮

Good Morning,

Please put your correspondence in writing and submit it using the directives provided below and in the attached Standing Order.

In accordance with Standing Order 2024-04, the District of New Jersey no longer accepts pro se filings through the help desk. Pro se litigants shall file documents with the Clerk of Court as permitted by this Court's Local Civil Rules, specifically: (1) by mail; (2) by using the drop box in the respective courthouse lobbies; and/or (3) in person at the Clerk's office front counter, when the Clerk's office is open to the public. Alternatively, the Court has adopted a pro se submission system called Alternate Document Submission ("ADS") where pro se litigants can electronically submit their documents to the Clerk's office for filing. Detailed information and instructions for submitting documents for filing through ADS can be located on the Court's website.

---

**From:** gabriela roman <roma1531@gmail.com>
**Sent:** Monday, February 3, 2025 8:37 PM
**To:** NJD-HelpDesk <ecfhelp@njd.uscourts.gov>
**Subject:** Case 2:23-cv-20773-MEF-MAH ELSISI et al v. CFT SOLUTIONS, LLC – Urgent Inquiry: Missing Filings on the Docket

 **gabriela roman** <roma1531@gmail.com>
to NJD-HelpDesk ▾

1:32 PM (6 hours ago)    ☆            ↰    ⋮

Dear Clerk,

Thank you for your response. However, I want to clarify that I am not submitting new documents nor requesting guidance on how to file. The documents in question were already submitted and received by your office, as confirmed at the time of their submission. This includes the filings from **October 27, December 15, and January 27,** all of which were properly submitted through the accepted methods at the time.

My inquiry is simple: **Why have these filings not been docketed?** The December 15 filing was explicitly permitted by the court, and your office assured that it would be docketed. Nearly two months have passed without action, and we have yet to receive an explanation.

As you are well aware, once properly filed, a document must be docketed, even if it is later subject to being stricken or dismissed. I would appreciate a direct response addressing **why these filings have not appeared on the docket and who, if anyone, has ordered them to be withheld.**

Thank you for your prompt clarification.

**Sincerely,**
The Plaintiffs

\*\*\*

On Tue, Feb 4, 2025, 8:59 AM NJD-HelpDesk <ecfhelp@njd.uscourts.gov> wrote:
  Good Morning,

  Please put your correspondence in writing and submit it using the directives provided below and in the attached Standing Order.