UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CFT SOLUTIONS, et al.,<br><br>Defendants. | Civil Action No. 23-20773 (MEF) (MAH)<br><br><br><br>SECOND AMENDED JURISDICTIONAL SCHEDULING ORDER |

**THIS MATTER** having come before the Court by way of Defendants' motion for limited reconsideration, D.E. 97;

and Plaintiffs having requested the Court vacate the jurisdictional discovery plan and schedule, Plaintiffs' Motion to Vacate, D.E. 94;[1]

---

[1] Plaintiffs contend that they were unable to meaningfully contribute to the conference and that they were unable to engage in a conference to discuss the jurisdictional discovery plan. Pls.' Mot. to Vacate, Feb. 28, 2025, D.E. 94.

Local Civil Rule 7.1(i) provides that a motion for reconsideration will be filed within fourteen days after entry of the order challenged and the challenging party will set forth what decisions the Judge or Magistrate Judge overlooked. "The operative term in rule 7.1(i) is 'overlooked.'" *Mathieux v. Bally's Atl. City*, No. 05-3551, 2006 WL 3833590, at *1 (D.N.J. Dec. 29, 2006). Generally, the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Motions for reconsideration will not be granted where the moving party requests the Court to "analyze the same facts and cases it had already considered in reaching its original decision." *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000). Further, motions for reconsideration will not be granted where "the only apparent purpose for filing the motion is to assert the reasons why the moving party disagrees with the [C]ourt's decision." *Id.*

Here, Plaintiffs contend they "were excluded from negotiations surrounding the plan and schedule." Pls.' Mot. to Vacate, Feb. 28, 2025, D.E. 94, at 3. Further, they contend that the jurisdictional discovery plan will needlessly delay the case proceedings and force them into discovery before jurisdiction is resolved. *Id.* Plaintiffs' argument boils down to a disagreement that any jurisdictional discovery occurs.

This argument fails for a few reasons. Plaintiffs had an opportunity to be heard and contribute to the jurisdictional discovery plan. The Court held a conference on the record on February 25,

and Defendants having identified that paragraph 4(a) of the Jurisdictional Scheduling Order, D.E. 53, permitted the parties "a maximum of fourteen (14) depositions to be taken by each side," Defendants' Motion to Reconsider, D.E. 97;[2]

and the First Amended Jurisdictional Scheduling Order having omitted paragraph 4(a);

and the Court having considered the instant motions without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1;

and the Court having considered the record, the parties' submissions, and the applicable law;

and for good cause shown:

**IT IS on this 12th day of March 2025,**

**ORDERED THAT** Plaintiffs' motion to vacate the Court's First Amended Jurisdictional Scheduling Order is **denied**; and it is further

**ORDERED THAT** Defendants' limited motion for reconsideration is **granted**; and it is further

**ORDERED THAT:**

---

2025 to address Ms. Fast's motion to withdraw and adjust the dates of the jurisdictional discovery plan in light of delays caused by the motion to withdraw. At that time, the Court permitted Plaintiffs to raise their concerns as far as the proposed deadlines. As to Plaintiffs' disagreement with any jurisdictional discovery occurring, the Honorable Michael E. Farbiarz ordered the parties to engage in jurisdictional discovery so that the Court may have a fuller understanding of the relationship of the Defendants and their contacts with New Jersey for purposes of jurisdiction. *See* Order, May 30, 2024, D.E. 49, at 3-4. The Court required jurisdictional discovery so that the Court can assess whether this Court has jurisdiction over Plaintiffs' claims because, to date, it remains unclear. Plaintiffs' disagreement with jurisdictional discovery is not a proper basis for a motion for reconsideration. Indeed, motions for reconsideration solely to express disagreement with a Court Order will not be granted. *Tehan*, 111 F. Supp. at 549.

[2] On March 11, 2025, Defendants filed a limited motion for reconsideration. Defendants specifically contend that paragraph 4(a) of the Jurisdictional Scheduling Order, D.E. 53, was inadvertently omitted from the First Amended Scheduling Order. *See* Defs.' Mot. for Reconsideration, D.E. 97. Defendants are correct that this provision should have been retained in the First Amended Jurisdictional Order. The scheduling order has been corrected to reflect that depositions are limited to fourteen (14) per side.

## I. DISCLOSURES

1.      Initial disclosures pursuant to Federal Rule of Civil Procedure 26 are to be exchanged **on or before March 12, 2025.** *See* **First Amended Jurisdictional Scheduling Order, Feb. 26, 2025, D.E. 89, ¶ 1**.

## II. DISCOVERY

2.      Fact discovery targeted toward jurisdictional discovery is to remain open through **August 25, 2025**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3.      The parties may serve interrogatories limited to **thirty (30)** single questions, requests for production of documents, and requests to admit on or before **April 18, 2025**, to be responded to on or before **thirty (30) days from service**. All such discovery requests shall be limited to jurisdictional discovery.

   a.   Pursuant to Federal Rule of Civil Procedure 26 and Local Civil Rule 26.1(d), the parties shall meet and confer regarding a mutually agreeable ESI protocol on or before **April 18, 2025**.

4.      Depositions of fact witnesses and individuals targeted toward jurisdictional discovery who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) shall be limited to **fourteen (14)** per side, are to be completed by **August 25, 2025**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. *See* Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

If an unresolved dispute arises at a deposition, then the parties must contact by phone the Chambers of the Undersigned for assistance during the deposition. **Failure to contact the Undersigned to intervene in a deposition dispute, before adjourning or completing the deposition, will constitute waiver of the right to seek relief for that deposition dispute.**

5.      Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention. *See* L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute:

   A.   The party seeking the discovery shall submit a letter, not to exceed five (5) double-spaced pages, that sets forth: (1) a specific description of the discovery sought; (2) the relevance of that discovery; (3) an explanation of the parties' efforts to meet and confer to resolve the dispute; and (4) any appropriate legal argument.

    B.  The party opposing the request may submit, within seven (7) calendar days, a letter in response that shall not exceed five (5) double-spaced pages.  <u>Failure to respond within seven days of the filing of the initial letter will be deemed a waiver of any objection to the discovery request(s).</u>

    C.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

<u>Failure by any party to meet and confer in good faith will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.</u>

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **July 17, 2025**.  **The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date.**  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.  **Failure to contact the Undersigned to intervene in a deposition dispute, before adjourning or completing the deposition, will constitute waiver of the right to seek relief for that deposition dispute.**

### III.   DISCOVERY CONFIDENTIALITY ORDERS

6.    Any proposed confidentiality order agreed to by the parties must strictly comply with Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5.3.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.   Any such order must be clearly designated **"Discovery Confidentiality Order."**  *See* L. Civ. R. 5.3.

### IV.   FUTURE CONFERENCES

7.    There shall be a status conference before the Undersigned on **June 11, 2025, at 2:00 p.m.** via Microsoft Teams.   The Court will provide a link prior to the conference.

8.    The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

9.     Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

10.    Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

11.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### V.  MOTIONS

12.    On or before **September 30, 2025**, Defendants will file their respective motions to dismiss for lack of personal jurisdiction and whether Plaintiffs' claims are properly joined in one action.

13.    **Within thirty days of the filing of Defendants' motions**, Plaintiffs will file their opposition.

14.    **Within two weeks of the filing of Plaintiffs' opposition**, Defendants will file their reply.

15.    **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 16(f) and 37.**

*s/Michael A. Hammer*
**United States Magistrate Judge**