Amar A. Agrawal, Esquire
**EISENBERG, GOLD & AGRAWAL, P.C.**
1040 Kings Highway North, Suite200
Cherry Hill, NJ 08034
Telephone: (856) 330-6200
Facsimile: (856) 300-6207
Email: aagrawal@egalawfirm.com  File No. IL-193-A

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>    Plaintiffs,<br><br>vs.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>    Defendants.<br>_____/ | CASE NO. 2:23-cv-20773-MEF-MAH |

**NON-RESIDENT DEFENDANT, YVENSON ISRAEL'S BRIEF IN
<u>SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT</u>**

# **TABLE OF CONTENTS**

| *Description* | *Page* |
|---|---|
| TABLE OF AUTHORITIES | 5 |
| INTRODUCTION | 6 |
| FACTUAL BACKGROUND | 7 |
| ARGUMENT | 7 |
|     A. This Court Lacks Personal Jurisdiction Over the Israel | 7 |
|         1. Legal Standard on Motion to Dismiss for Lack of Personal Jurisdiction | 7 |
|         2. Israel Did Not Purposefully Direct his Activities at New Jersey | 8 |
|         3. Plaintiffs' Claims Do Not Arise out of or Relate to Non-Resident Defendant's Activities Directed at New Jersey | 11 |
|         4. This Court Need Not Address Whether Jurisdiction Would Comport With Traditional Notions of Fair Play and Substantial Justice | 11 |
| CONCLUSION | 12 |

# **TABLE OF AUTHORITIES**

**Cases**

*Brand Strategy, LLC v. Cac Projects, Inc., 2023 U.S. Dist. LEXIS 126896*............................7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) ................................................................................................................................9

*Danziger & De Llano, LLP v. Morgan Verkamp LLC,* 948 F. 3d 124, 129 (3d Cir. 2020)......8

*Ford Motor Co. v. Montana* 8th *Dist. Ct.*, 141 S. Ct. 1017, 1028 (2021) ..................................6

*Hardwick v. Consumer Guardian Specialists, LLC, 2021 U.S. Dist. LEXIS 57906*.................7

*IMO Indus., Inc. v. Kiekert AG*, 155 F. 3d 254, 261 (3d Cir. 1998) .........................................10

*Miller Yacht Sales, Inc., v. Smith,* 384 F.3d 93, 97 (3d Cir.2004) ............................................8

*O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F. 3d 312, 316 (3d Cir. 2007)..........................8

*Patterson by Patterson v. F.B.I.,* 893 F. 2d 595, 604 (3d Cr. 1990).........................................8

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F. 3d 147, 150-51 (3d Cir. 1996) ................................................................................................................................ 11

**I. Rules**

Fed. R. Civ. P. 12............................................................................................................................6

Defendant, Yvenson Israel ("Israel" or "Non-Resident Defendant"), pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), submits this brief in support of his Motion to Dismiss, and states:

## I.  INTRODUCTION.

Israel should be dismissed from this action for lack of personal jurisdiction. Plaintiffs filed this action alleging fraud in connection with the crypto asset exchange FXWinning - who actually may committed the fraud and is subject to multiple lawsuits in South Florida — but also against Non-Resident Defendant, who was an alleged promoters of FXWinning. Plaintiffs allege that Non-Resident Defendant's conduct was somehow deceptive because, for reasons having nothing to do with Non-Resident Defendant, FXWinning refuses to return the Plaintiffs' investment. These claims are frivolous and should be dismissed. But the claims against Non-Resident Defendant must be dismissed regardless because there is no jurisdiction over him.

First, there is no general jurisdiction over Non-Resident Defendant because Plaintiffs do not allege any of them reside in New Jersey. Israel is domiciled in Florida. These facts make clear that there is no general jurisdiction over Non-Resident Defendant. ECF No. 111 ("Amended Complaint") ¶¶33.

Second, the Court also lacks specific jurisdiction over Non-Resident Defendant. For specific jurisdiction to exist, Plaintiffs' claims must arise out of acts committed by Non-Resident Defendant in or directed at the forum. See, e.g., *Ford Motor Co. v. Montana* 8th Dist. Ct., 141 S. Ct. 1017, 1028 (2021). As with the initial Complaint, the Plaintiffs allege no connection between New Jersey and the alleged wrongdoing by Non-Resident Defendant, nor could they. Plaintiffs allege they were harmed because they allege to have reviewed Facebook and other posts of Israel and that was an "agent" of Lewis. There are still **<u>zero</u>** allegations in the Amended Complaint at all by the Plaintiffs that there is any conduct whatsoever that took place in New Jersey.

Plaintiffs' own pleading thus establishes this Court lacks specific jurisdiction over Non-Resident Defendant, so he should be dismissed from this action.

## II.    FACTUAL BACKGROUND.

According to the Plaintiffs' Amended Complaint, Israel is a Florida resident. See Complaint at ¶33. Plaintiffs' allegations relating to jurisdiction over Israel are contained in Paragraphs 95 through 98. The Plaintiffs allege nothing more than conclusory allegations unsupported by any supporting allegations. The only allegations that the Plaintiffs alleged took place were that they viewed Israel's social media post. There is not a single allegation in the Amended Complaint where any of the Plaintiffs ever communicated with Israel directly, or that Israel reached out to any of them personally. The only allegations against Israel is that the Plaintiffs allege to have reviewed his Facebook posts. As such, and for the reasons set forth below, this Court should dismiss the Non- Resident Defendant from this lawsuit.

## III.    ARGUMENT

### A.    This Court Lacks Personal Jurisdiction Over the Israel.

Plaintiffs make a perfunctory allegation that "[p]ersonal jurisdiction exists over Israel because this dispute arises out of, or is related to, the Defendants' purported contacts with this forum through agents. Amended Complaint at ¶60. The only "contacts" that they advance, however, are "conducting business, soliciting investments and communicating with New Jersey plaintiffs via agents and the CFT Telegram channel." *Id*. These allegations alone are insufficient to confer personal jurisdiction over Israel. Moreover, evidence refutes Plaintiffs' allegations.

#### 1.    Legal Standard on Motion to Dismiss for Lack of Personal Jurisdiction.

"New Jersey's long-arm statute gives its court's jurisdiction over out-of-state defendants

7

to the maximum extent allowed by the U.S. Constitution." *Danziger & De Llano, LLP v. Morgan Verkamp LLC,* 948 F. 3d 124, 129 (3d Cir. 2020). "Once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant." *Miller Yacht Sales, Inc., v. Smith,* 384 F.3d 93, 97 (3d Cir.2004).

"To meet this burden, the plaintiff must establish with reasonable particularity three elements." *Danziger & De Llano, LLP,* 948 F. 3d at 129 (internal quotation omitted). "First, the defendant must have purposefully directed its activities' at the forum." *Id*. "Second, the plaintiff's claims must 'arise out of or relate to' the defendant's activities." *Id*. "And third, exercising personal jurisdiction must not "offend traditional notions of fair play and substantial justice." *Id*. at 130.

"[T]he plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson by Patterson v. F.B.I.,* 893 F. 2d 595, 604 (3d Cr. 1990). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id*.

**2.     Israel Did Not Purposefully Direct his Activities at New Jersey.**

In determining whether personal jurisdiction exists, courts "ask whether, under the Due Process Clause, the defendant has certain minimum contacts with New Jersey such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F. 3d 312, 316 (3d Cir. 2007). "To establish sufficient minimum contacts with New Jersey to support personal jurisdiction," Plaintiffs demonstrate that Non-Resident Defendant "'purposefully availed [themselves] of the privilege of conducting activities within the forum.'" *Hardwick v. Consumer Guardian Specialists, LLC, 2021 U.S. Dist.*

*LEXIS 57906. See also Brand Strategy, LLC v. Cac Projects, Inc., 2023 U.S. Dist. LEXIS 126896.* "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985).

Plaintiffs allege no purposeful contact with New Jersey whatsoever by Israel. The only allegations against Israel is that the Plaintiffs reviewed Facebook posts. Amended Complaint at ¶¶95-98. While they allege that Israel acted as an agent, Plaintiffs do not identify what actual solicitations were directed to New Jersey other than online Facebook posts.

Plaintiffs do not allege any actions whatsoever of any conduct that took place in New Jersey. According to the Amended Complaint, as it pertains to Israel, all took place online. The Plaintiffs themselves reviewed the posts. The only connection to Plaintiffs are that they are New Jersey residents. They do not allege, however, that Israel solicited Plaintiffs (or anyone else for that matter) while Plaintiffs were in New Jersey. Moreover—and even more critical—Plaintiffs fail to allege that Israel even knew that they were New Jersey residents or that Israel was ever in New Jersey while engaged in the alleged solicitations. In fact, Israel did not. See Declaration of Yvenson Israel in Support of Motion to Dismiss ("Israel Decl.") attached hereto as **Exhibit "A"**). Israel could not have purposefully availed himself of the privilege of conducting business in New Jersey or purposefully directed his activities to that forum when the only alleged involvement him was it took place in the online.

Plaintiffs' allegations that Israel "have caused harm in New Jersey" likewise is insufficient to establish personal jurisdiction over Israel. A court "may exercise personal jurisdiction over a nonresident defendant who commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff within the forum." *IMO Indus., Inc. v. Kiekert AG*, 155 F. 3d 254, 261 (3d Cir. 1998). However, personal jurisdiction "requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum." *Id*. at 265.

Plaintiffs must instead "point contacts which demonstrate that the defendant expressly aimed its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." *Id*. Simply asserting that Plaintiffs reside in or were located in New Jersey when the alleged tortious conduct occurred is insufficient. *See Id.* Defendant "must manifest behavior intentionally targeted at and focused on the forum." *Id.* (internal quotation omitted).

To satisfy this requirement, Plaintiffs "must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* at 266. They do not make any such allegations. The only contact the Plaintiffs had with the Non-Resident Defendant was by looking at his Facebook posts. Given the foregoing, Plaintiffs cannot establish that the Non-Resident Defendant knowingly or purposefully directed his activities towards New Jersey. This Court accordingly lacks personal jurisdiction over Non-Resident Defendant.

Given that the result of the solicitations resulted in Plaintiffs becoming clients of FX Winning, it is unclear from the Complaint what exactly is being alleged against Israel other he was alleged an agent. Israel has no individual contact whatsoever with New Jersey. *See* Israel Decl.

### 3. Plaintiffs' Claims Do Not Arise out of or Relate to Non-Resident Defendant's Activities Directed at New Jersey.

"Whether a plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum state depends, in part, on the type of claim brought." *Danziger & De Llano, LLP*, 948 F. 3d at 130. Tort claims "require a closer and more direct causal connection than but-for causation." *Id*. (cleaned up). "The defendant must have benefited enough from the forum state's laws to make the burden of facing litigation there proportional to those benefits." *Id*. Intentional torts such as those Plaintiffs allege against Defendant require even more: "The defendant must have expressly aimed its tortious conduct at the forum to make the forum the focal point of the tortious activity." *Id*. (cleaned up). As set forth above, Plaintiffs cannot establish that Defendant expressly aimed their allegedly tortious conduct at New Jersey. Personal jurisdiction is accordingly lacking on this basis alone.

### 4. This Court Need Not Address Whether Jurisdiction Would Comport With Traditional Notions of Fair Play and Substantial Justice.

"[I]f minimum contacts are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with traditional notions of fair play and substantial justice." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F. 3d 147, 150-51 (3d Cir. 1996). Where, as here, Plaintiffs "have not made the threshold showing of sufficient minimum contacts with New Jersey to warrant the exercise of personal jurisdiction over [Defendants], [this

Court] need not address the secondary issue of whether exercising jurisdiction would comport with fair play and substantial justice." *Id*. at 153 n. 9.

IV. **CONCLUSION.**

WHEREFORE, Defendant, Yvenson Israel, respectfully requests that this Court dismiss the Amended Complaint [D.E. 111] as to Yvenson Israel, and for such other relief as this Court deems proper.

Respectfully submitted,

**LORIUM LAW**
*Counsel for Yvenson Israel*
197 South Federal Highway, Suite 200 Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email:
jgrant@loriumlaw.com

By: ＿＿/s/ Joe M. Grant＿＿＿＿＿
　　　JOE M. GRANT
　　　Florida Bar No. 137758


**EISENBERG, GOLD & AGRAWAL, P.C.**
1040 Kings Highway North, Suite 200 Cherry Hill, NJ 08034
Telephone: (856) 330-6200
Facsimile: (856) 300-6207
Email: aagrawal@egalawfirm.com

By: ＿＿＿＿/s/ Amar A. Agrawal＿
AMAR A. AGRAWAL