# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>    Plaintiffs,<br><br> v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>    Defendants. | Civil Action No. 2:23:cv-20773 |

## DEFENDANTS' REQUEST FOR JURISDICTIONAL
## DISCOVERY TO PLAINTIFF, ASHER BOMANI LEWIS

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Asher Bomani Lewis, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

### Definitions and Instructions

a. The terms "You", "Your", "Plaintiff," or "Lewis" refer to Plaintiff Asher Bomani Lewis and any person or entity at any time acting or purporting to act on its behalf, including, but

not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     b.     The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     c.     The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     d.     The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     e.     The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     f.     The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     g.     The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     h.     The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

i.       "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

j.       "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k. "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l. "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m. "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n. The term "all" means "any and all" and the term "any" means "any and all."

o. "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

### Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## REQUEST FOR PRODUCTION

1.      All Communications between You and CFT.

2.      All Communications between You and Bastos.

3.      All Communications between You and Percy.

4.      All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

5.      All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

6.      All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

7.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.      All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

9.      All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

10.      All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

11.      All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

12.      All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

13.      All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.      All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.      All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

16.      All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading

software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

17.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

18.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims. By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

19.     All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

20.     All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

21.     All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

NELSON MULLINS RILEY &
SCARBOROUGH LLP

 /s/ *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

*and*

 /s/ *Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions,*
*LLC, Renan De Rocha Gomes Bastos, and*
*Arthur Percy*

Dated:  April 18, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Asher Bomani Lewis has been served by electronic mail upon Plaintiffs and all

counsel of record.

Gabriela Janeta Roman – Pro Se
Roma1531@gmail.com

Khaled Elsisi – Pro Se
Khaled_elsisi19@hotmail.com

Najy Kanan – Pro Se
Najy123@gmail.com

Luis Pinos – Pro Se
Luispinos64@yahoo.com

Ricardo Marquez – Pro Se
Marquezsales16@gmail.com

Ahmed Khedr – Pro Se
Ahmedkhedr5161@gmail.com

Stuart Wayne Springfield – Pro Se
stuartspringfield@gmail.com

Amar Anand Agrawal, Esquire
aagrawal@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Christopher Emanuel Szabo – Pro Se
christopheremanuelszabo@gmail.com

Linwood Walker – Pro Se
Lwalker3402@yahoo.com

Robert Yeng – Pro Se
ryeng2012@gmail.com

Ahmed Sharafeldin – Pro Se
ahmed.m.sharafeldin@gmail.com

Barry Rosner – Pro Se
barry.rosner@route22toyota.com

Asher Bomani Lewis – Pro Se
inevitablegains@gmail.com

Christine Linda Masters – Pro Se
Chrissy.masters@icloud.com

Douglas James Ferguson, Esquire
dferguson@egalawfirm.com
*Counsel for Defendant Yvenson Israel*


Dated: April 18, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By:  /s/ *Elyse Cohen*
        Elyse N. Cohen, Esq.
        (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG, <br><br> Plaintiffs, <br><br> v. <br><br> CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA, <br><br> Defendants. | Civil Action No. 2:23:cv-20773 |

## DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, BARRY ROSNER

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Barry Rosner, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

### Definitions and Instructions

a.      The terms "You", "Your", "Plaintiff," or "Rosner" refer to Plaintiff Barry Rosner and any person or entity at any time acting or purporting to act on its behalf, including, but not

limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

  b.  The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

  c.  The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

  d.  The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

  e.  The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

  f.  The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

  g.  The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

  h.  The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     i.    "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

     j.    "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## REQUEST FOR PRODUCTION

1.      All Communications between You and CFT.

2.      All Communications between You and Bastos.

3.      All Communications between You and Percy.

4.      All Documents, Communications, and/or ESI that support your contention that CFT, Bastos, and Percy were aware that You were located in New Jersey at the time of the events giving rise to the causes of action asserted in Your Amended Complaint.

5.      All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

6.      All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

7.      All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

9.      All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

10.     All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

11.     All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

12.     All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

13.     All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.     All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.     All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

16.     All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

17.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

18.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

19.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims.

By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

20.    All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

21.    All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

22.    All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

<div align="center">

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

 /s/ Elyse Cohen
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

and

 /s/ Justin Kaplan
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

</div>

Dated:  April 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional Discovery to Barry Rosner has been served by electronic mail upon Plaintiffs and all counsel of record.

| | |
|---|---|
| Gabriela Janeta Roman – Pro Se<br>Roma1531@gmail.com | Christopher Emanuel Szabo – Pro Se<br>christopheremanuelszabo@gmail.com |
| Khaled Elsisi – Pro Se<br>Khaled_elsisi19@hotmail.com | Linwood Walker – Pro Se<br>Lwalker3402@yahoo.com |
| Najy Kanan – Pro Se<br>Najy123@gmail.com | Robert Yeng – Pro Se<br>ryeng2012@gmail.com |
| Luis Pinos – Pro Se<br>Luispinos64@yahoo.com | Ahmed Sharafeldin – Pro Se<br>ahmed.m.sharafeldin@gmail.com |
| Ricardo Marquez – Pro Se<br>Marquezsales16@gmail.com | Barry Rosner – Pro Se<br>barry.rosner@route22toyota.com |
| Ahmed Khedr – Pro Se<br>Ahmedkhedr5161@gmail.com | Asher Bomani Lewis – Pro Se<br>inevitablegains@gmail.com |
| Stuart Wayne Springfield – Pro Se<br>stuartspringfield@gmail.com | Christine Linda Masters – Pro Se<br>Chrissy.masters@icloud.com |
| Amar Anand Agrawal, Esquire<br>aagrawal@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* | Douglas James Ferguson, Esquire<br>dferguson@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* |

Dated: April 18, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: _/s/ Elyse Cohen_____
    Elyse N. Cohen, Esq.
    (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>                   Plaintiffs,<br><br>        v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>                   Defendants. | Civil Action No. 2:23:cv-20773 |

**DEFENDANTS' REQUEST FOR JURISDICTIONAL
DISCOVERY TO PLAINTIFF, CHRISTINE LINDA MASTERS**

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Christine Linda Masters, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

**Definitions and Instructions**

a.    The terms "You", "Your", "Plaintiff," or "Masters" refer to Plaintiff Christine Linda Masters and any person or entity at any time acting or purporting to act on its behalf,

including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.      The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.      The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.      The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.      The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.      The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.      The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.      The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

i.        "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

j.        "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

### Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## **REQUEST FOR PRODUCTION**

1.      All Communications between You and CFT.

2.      All Communications between You and Bastos.

3.      All Communications between You and Percy.

4.      All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

5.      All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

6.      All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

7.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.     All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

9.     All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

10.    All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

11.    All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

12.    All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

13.    All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.    All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.    All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

16.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading

software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

17.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

18.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims. By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

19.    All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

20.    All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

21.    All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

 /s/ *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

*and*

 /s/ *Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

Dated:  April 18, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Christine Linda Masters has been served by electronic mail upon Plaintiffs and all

counsel of record.

| | |
|---|---|
| Gabriela Janeta Roman – Pro Se | Christopher Emanuel Szabo – Pro Se |
| Roma1531@gmail.com | christopheremanuelszabo@gmail.com |
| | |
| Khaled Elsisi – Pro Se | Linwood Walker – Pro Se |
| Khaled_elsisi19@hotmail.com | Lwalker3402@yahoo.com |
| | |
| Najy Kanan – Pro Se | Robert Yeng – Pro Se |
| Najy123@gmail.com | ryeng2012@gmail.com |
| | |
| Luis Pinos – Pro Se | Ahmed Sharafeldin – Pro Se |
| Luispinos64@yahoo.com | ahmed.m.sharafeldin@gmail.com |
| | |
| Ricardo Marquez – Pro Se | Barry Rosner – Pro Se |
| Marquezsales16@gmail.com | barry.rosner@route22toyota.com |
| | |
| Ahmed Khedr – Pro Se | Asher Bomani Lewis – Pro Se |
| Ahmedkhedr5161@gmail.com | inevitablegains@gmail.com |
| | |
| Stuart Wayne Springfield – Pro Se | Christine Linda Masters – Pro Se |
| stuartspringfield@gmail.com | Chrissy.masters@icloud.com |
| | |
| Amar Anand Agrawal, Esquire | Douglas James Ferguson, Esquire |
| aagrawal@egalawfirm.com | dferguson@egalawfirm.com |
| *Counsel for Defendant Yvenson Israel* | *Counsel for Defendant Yvenson Israel* |

Dated: April 18, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:  /s/ *Elyse Cohen*
    Elyse N. Cohen, Esq.
    (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>        Plaintiffs,<br><br>   v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>        Defendants. | Civil Action No. 2:23:cv-20773 |

## DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, CHRISTOPHER EMANUEL SZABO

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Christopher Emanuel Szabo, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

### Definitions and Instructions

a.　　The terms "You", "Your", "Plaintiff," or "Szabo" refer to Plaintiff Christopher Emanuel Szabo and any person or entity at any time acting or purporting to act on its behalf,

including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.    The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.    The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.    The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.    The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.    The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.    The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.    The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

i.      "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

j.      "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## **<u>REQUEST FOR PRODUCTION</u>**

1.      All Communications between You and CFT.

2.      All Communications between You and Bastos.

3.      All Communications between You and Percy.

4.      All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

5.      All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

6.      All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

7.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.      All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

9.      All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

10.      All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

11.      All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

12.      All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

13.      All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.      All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.      All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

16.      All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading

software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

17.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

18.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims. By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

19.     All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

20.     All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

21.     All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

NELSON MULLINS RILEY &
SCARBOROUGH LLP

 /s/ Elyse Cohen
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

and

 /s/ Justin Kaplan
JUSTIN KAPLAN, ESQ.
Admitted Pro Hac Vice
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy

Dated:  April 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional Discovery to Christopher Emanuel Szabo has been served by electronic mail upon Plaintiffs and all counsel of record.

Gabriela Janeta Roman – Pro Se
Roma1531@gmail.com

Christopher Emanuel Szabo – Pro Se
christopheremanuelszabo@gmail.com

Khaled Elsisi – Pro Se
Khaled_elsisi19@hotmail.com

Linwood Walker – Pro Se
Lwalker3402@yahoo.com

Najy Kanan – Pro Se
Najy123@gmail.com

Robert Yeng – Pro Se
ryeng2012@gmail.com

Luis Pinos – Pro Se
Luispinos64@yahoo.com

Ahmed Sharafeldin – Pro Se
ahmed.m.sharafeldin@gmail.com

Ricardo Marquez – Pro Se
Marquezsales16@gmail.com

Barry Rosner – Pro Se
barry.rosner@route22toyota.com

Ahmed Khedr – Pro Se
Ahmedkhedr5161@gmail.com

Asher Bomani Lewis – Pro Se
inevitablegains@gmail.com

Stuart Wayne Springfield – Pro Se
stuartspringfield@gmail.com

Christine Linda Masters – Pro Se
Chrissy.masters@icloud.com

Amar Anand Agrawal, Esquire
aagrawal@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Douglas James Ferguson, Esquire
dferguson@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Dated: April 18, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: _/s/ Elyse Cohen_
    Elyse N. Cohen, Esq.
    (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>                    Defendants. | Civil Action No. 2:23:cv-20773 |

**DEFENDANTS' REQUEST FOR JURISDICTIONAL
DISCOVERY TO PLAINTIFF, GABRIELA JANETA ROMAN**

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Gabriela Janeta Roman, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

**Definitions and Instructions**

a.      The terms "You", "Your", "Plaintiff," or "Roman" refer to Plaintiff Gabriela Janeta Roman and any person or entity at any time acting or purporting to act on its behalf, including, but

not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      b.      The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      c.      The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      d.      The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      e.      The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      f.      The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      g.      The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      h.      The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

i.        "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

j.        "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## <u>REQUEST FOR PRODUCTION</u>

1.      All Communications between You and CFT.

2.      All Communications between You and Bastos.

3.      All Communications between You and Percy.

4.      All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

5.      All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

6.      All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

7.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.    All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

9.    All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

10.    All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

11.    All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

12.    All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

13.    All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.    All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.    All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

16.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading

software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

17.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

18.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims. By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

19.     All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

20.     All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

21.     All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

_/s/ Elyse Cohen_
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

_and_

_/s/ Justin Kaplan_
JUSTIN KAPLAN, ESQ.
_Admitted Pro Hac Vice_
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
_Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy_

Dated:  April 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional Discovery to Gabriela Janeta Roman has been served by electronic mail upon Plaintiffs and all counsel of record.

Gabriela Janeta Roman – Pro Se
Roma1531@gmail.com

Christopher Emanuel Szabo – Pro Se
christopheremanuelszabo@gmail.com

Khaled Elsisi – Pro Se
Khaled_elsisi19@hotmail.com

Linwood Walker – Pro Se
Lwalker3402@yahoo.com

Najy Kanan – Pro Se
Najy123@gmail.com

Robert Yeng – Pro Se
ryeng2012@gmail.com

Luis Pinos – Pro Se
Luispinos64@yahoo.com

Ahmed Sharafeldin – Pro Se
ahmed.m.sharafeldin@gmail.com

Ricardo Marquez – Pro Se
Marquezsales16@gmail.com

Barry Rosner – Pro Se
barry.rosner@route22toyota.com

Ahmed Khedr – Pro Se
Ahmedkhedr5161@gmail.com

Asher Bomani Lewis – Pro Se
inevitablegains@gmail.com

Stuart Wayne Springfield – Pro Se
stuartspringfield@gmail.com

Christine Linda Masters – Pro Se
Chrissy.masters@icloud.com

Amar Anand Agrawal, Esquire
aagrawal@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Douglas James Ferguson, Esquire
dferguson@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Dated: April 18, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: _/s/ Elyse Cohen_
    Elyse N. Cohen, Esq.
    (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG, <br><br> Plaintiffs, <br><br> v. <br><br> CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA, <br><br> Defendants. | Civil Action No. 2:23:cv-20773 |

## DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, KHALED ELSISI

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Khaled Elsisi, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

## Definitions and Instructions

a.      The terms "You", "Your", "Plaintiff," or "Elsisi" refer to Plaintiff Khaled Elsisi and any person or entity at any time acting or purporting to act on its behalf, including, but not

limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.      The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.      The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.      The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.      The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.      The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.      The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.      The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

i.      "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

j.      "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.    Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.    "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.    To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## **Instructions**

1.    In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.    The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.    If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## REQUEST FOR PRODUCTION

1.    All Communications between You and CFT.

2.    All Communications between You and Bastos.

3.    All Communications between You and Percy.

4.    All Documents, Communications, and/or ESI that support your contention that CFT, Bastos, and Percy were aware that You were located in New Jersey at the time of the events giving rise to the causes of action asserted in Your Amended Complaint.

5.    All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

6.    All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

7.    All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.     All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

9.     All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

10.     All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

11.     All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

12.     All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

13.     All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.     All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.     All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

16.     All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

17.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

18.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

19.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims.

By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

20.    All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

21.    All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

22.    All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

 /s/ *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

*and*

 /s/ *Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

Dated:  April 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional Discovery to Khaled Elsisi has been served by electronic mail upon Plaintiffs and all counsel of record.

Gabriela Janeta Roman – Pro Se
Roma1531@gmail.com

Christopher Emanuel Szabo – Pro Se
christopheremanuelszabo@gmail.com

Khaled Elsisi – Pro Se
Khaled_elsisi19@hotmail.com

Linwood Walker – Pro Se
Lwalker3402@yahoo.com

Najy Kanan – Pro Se
Najy123@gmail.com

Robert Yeng – Pro Se
ryeng2012@gmail.com

Luis Pinos – Pro Se
Luispinos64@yahoo.com

Ahmed Sharafeldin – Pro Se
ahmed.m.sharafeldin@gmail.com

Ricardo Marquez – Pro Se
Marquezsales16@gmail.com

Barry Rosner – Pro Se
barry.rosner@route22toyota.com

Ahmed Khedr – Pro Se
Ahmedkhedr5161@gmail.com

Asher Bomani Lewis – Pro Se
inevitablegains@gmail.com

Stuart Wayne Springfield – Pro Se
stuartspringfield@gmail.com

Christine Linda Masters – Pro Se
Chrissy.masters@icloud.com

Amar Anand Agrawal, Esquire
aagrawal@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Douglas James Ferguson, Esquire
dferguson@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Dated: April 18, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:  /s/ *Elyse Cohen*
     Elyse N. Cohen, Esq.
     (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>      Plaintiffs,<br><br>  v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>      Defendants. | Civil Action No. 2:23:cv-20773 |

## DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, LINWOOD WALKER

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Linwood Walker, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

## Definitions and Instructions

    a.    The terms "You", "Your", "Plaintiff," or "Walker" refer to Plaintiff Linwood Walker and any person or entity at any time acting or purporting to act on its behalf, including, but

not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.      The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.      The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.      The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.      The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.      The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.      The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.      The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      i.      "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

      j.      "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## REQUEST FOR PRODUCTION

1.      All Communications between You and CFT.

2.      All Communications between You and Bastos.

3.      All Communications between You and Percy.

4.      All Documents, Communications, and/or ESI that support your contention that CFT, Bastos, and Percy were aware that You were located in New Jersey at the time of the events giving rise to the causes of action asserted in Your Amended Complaint.

5.      All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

6.      All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

7.      All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.    All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

9.    All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

10.    All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

11.    All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

12.    All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

13.    All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.    All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.    All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

16.    All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

17.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

18.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

19.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims.

By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

20.    All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

21.    All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

22.    All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

> **NELSON MULLINS RILEY & SCARBOROUGH LLP**
>
> /s/ *Elyse Cohen*
> ELYSE N. COHEN, ESQ.
> N.J. Attorney Id. No.  155212015
> 1000 Westlakes Drive, Suite 275
> Berwyn, PA 19312
> (p): 610-943-5354
> Elyse.Cohen@nelsonmullins.com
>
> *and*
>
> /s/ *Justin Kaplan*
> JUSTIN KAPLAN, ESQ.
> *Admitted Pro Hac Vice*
> 2 South Biscayne Blvd., 21st Floor
> Miami, FL 33131
> (p): 305.373.9436
> Justin.Kaplan@nelsonmullins.com
> *Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

Dated:  April 18, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Linwood Walker has been served by electronic mail upon Plaintiffs and all counsel

of record.

Gabriela Janeta Roman – Pro Se
Roma1531@gmail.com

Christopher Emanuel Szabo – Pro Se
christopheremanuelszabo@gmail.com

Khaled Elsisi – Pro Se
Khaled_elsisi19@hotmail.com

Linwood Walker – Pro Se
Lwalker3402@yahoo.com

Najy Kanan – Pro Se
Najy123@gmail.com

Robert Yeng – Pro Se
ryeng2012@gmail.com

Luis Pinos – Pro Se
Luispinos64@yahoo.com

Ahmed Sharafeldin – Pro Se
ahmed.m.sharafeldin@gmail.com

Ricardo Marquez – Pro Se
Marquezsales16@gmail.com

Barry Rosner – Pro Se
barry.rosner@route22toyota.com

Ahmed Khedr – Pro Se
Ahmedkhedr5161@gmail.com

Asher Bomani Lewis – Pro Se
inevitablegains@gmail.com

Stuart Wayne Springfield – Pro Se
stuartspringfield@gmail.com

Christine Linda Masters – Pro Se
Chrissy.masters@icloud.com

Amar Anand Agrawal, Esquire
aagrawal@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Douglas James Ferguson, Esquire
dferguson@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Dated: April 18, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By: _/s/ Elyse Cohen_
      Elyse N. Cohen, Esq.
      (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG, | Civil Action No. 2:23:cv-20773 |

Plaintiffs,

v.

CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,

Defendants.

## DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, LUIS PINOS

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Luis Pinos, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

## **Definitions and Instructions**

a.      The terms "You", "Your", "Plaintiff," or "Pinos" refer to Plaintiff Luis Pinos and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.      The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.      The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.      The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.      The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.      The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.      The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.      The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any

person or entity at any time acting or purporting to act on their behalf, including, but not limited to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

i.      "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

j.      "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or

conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition

shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.     "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## REQUEST FOR PRODUCTION

1.    All Communications between You and CFT.

2.    All Communications between You and Bastos.

3.    All Communications between You and Percy.

4.    All Documents, Communications, and/or ESI that support your contention that CFT, Bastos, and Percy were aware that You were located in New Jersey at the time of the events giving rise to the causes of action asserted in Your Amended Complaint.

5.    All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

6.    All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

7.    All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

9.      All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

10.     All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

11.     All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

12.     All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

13.     All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.     All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.     All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

16.     All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

17.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

18.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

19.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims.

By leveraging his political connections to recruit high-ranking officials on CFT's board, he created

a false sense of security among investors, further in the enterprises operations."

20.    All Documents, Communications, and/or ESI that reflect that the alleged

conspiracy was centered in, operated in, or otherwise based in New Jersey.

21.    All Documents, Communications, and/or ESI that reflect that the focal point of

Defendants' allegedly unlawful conduct was New Jersey.

22.    All Documents, Communications, and/or ESI that reflect that there is an obvious

proximity between Florida and New Jersey such that this action does not subject Defendants to

litigation in far flung fora.

Respectfully submitted,

> **NELSON MULLINS RILEY &
> SCARBOROUGH LLP**
>
> /s/ *Elyse Cohen*
> ELYSE N. COHEN, ESQ.
> N.J. Attorney Id. No.  155212015
> 1000 Westlakes Drive, Suite 275
> Berwyn, PA 19312
> (p): 610-943-5354
> Elyse.Cohen@nelsonmullins.com
>
> *and*
>
> /s/ *Justin Kaplan*
> JUSTIN KAPLAN, ESQ.
> *Admitted Pro Hac Vice*
> 2 South Biscayne Blvd., 21st Floor
> Miami, FL 33131
> (p): 305.373.9436
> Justin.Kaplan@nelsonmullins.com
> *Attorneys for Defendants, CFT Solutions,
> LLC, Renan De Rocha Gomes Bastos, and
> Arthur Percy*

Dated:  April 18, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Luis Pinos has been served by electronic mail upon Plaintiffs and all counsel of

record.

| | |
|---|---|
| Gabriela Janeta Roman – Pro Se<br>Roma1531@gmail.com | Christopher Emanuel Szabo – Pro Se<br>christopheremanuelszabo@gmail.com |
| Khaled Elsisi – Pro Se<br>Khaled_elsisi19@hotmail.com | Linwood Walker – Pro Se<br>Lwalker3402@yahoo.com |
| Najy Kanan – Pro Se<br>Najy123@gmail.com | Robert Yeng – Pro Se<br>ryeng2012@gmail.com |
| Luis Pinos – Pro Se<br>Luispinos64@yahoo.com | Ahmed Sharafeldin – Pro Se<br>ahmed.m.sharafeldin@gmail.com |
| Ricardo Marquez – Pro Se<br>Marquezsales16@gmail.com | Barry Rosner – Pro Se<br>barry.rosner@route22toyota.com |
| Ahmed Khedr – Pro Se<br>Ahmedkhedr5161@gmail.com | Asher Bomani Lewis – Pro Se<br>inevitablegains@gmail.com |
| Stuart Wayne Springfield – Pro Se<br>stuartspringfield@gmail.com | Christine Linda Masters – Pro Se<br>Chrissy.masters@icloud.com |
| Amar Anand Agrawal, Esquire<br>aagrawal@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* | Douglas James Ferguson, Esquire<br>dferguson@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* |

Dated: April 18, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By:  /s/ *Elyse Cohen*
　　Elyse N. Cohen, Esq.
　　(N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>                 Plaintiffs,<br><br>        v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>                 Defendants. | Civil Action No. 2:23:cv-20773 |

**DEFENDANTS' REQUEST FOR JURISDICTIONAL
DISCOVERY TO PLAINTIFF, NAJY KANAN**

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Najy Kanan, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

**Definitions and Instructions**

a.      The terms "You", "Your", "Plaintiff," or "Kanan" refer to Plaintiff Najy Kanan and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.      The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.      The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.      The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.      The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.      The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.      The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.      The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any

person or entity at any time acting or purporting to act on their behalf, including, but not limited to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

i.     "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

j.     "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or

conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition

shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.    "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.    "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.    "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.    The term "all" means "any and all" and the term "any" means "any and all."

o.    "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

### Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## REQUEST FOR PRODUCTION

1.      All Communications between You and CFT.

2.      All Communications between You and Bastos.

3.      All Communications between You and Percy.

4.      All Documents, Communications, and/or ESI that support your contention that CFT, Bastos, and Percy were aware that You were located in New Jersey at the time of the events giving rise to the causes of action asserted in Your Amended Complaint.

5.      All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

6.      All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

7.      All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

9.      All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

10.     All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

11.     All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

12.     All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

13.     All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.     All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.     All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

16.     All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

17.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

18.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

19.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims.

By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

20.     All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

21.     All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

22.     All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

 /s/ *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No. 155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

*and*

 /s/ *Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

Dated:  April 18, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Najy Kanan has been served by electronic mail upon Plaintiffs and all counsel of

record.

Gabriela Janeta Roman – Pro Se
Roma1531@gmail.com

Christopher Emanuel Szabo – Pro Se
christopheremanuelszabo@gmail.com

Khaled Elsisi – Pro Se
Khaled_elsisi19@hotmail.com

Linwood Walker – Pro Se
Lwalker3402@yahoo.com

Najy Kanan – Pro Se
Najy123@gmail.com

Robert Yeng – Pro Se
ryeng2012@gmail.com

Luis Pinos – Pro Se
Luispinos64@yahoo.com

Ahmed Sharafeldin – Pro Se
ahmed.m.sharafeldin@gmail.com

Ricardo Marquez – Pro Se
Marquezsales16@gmail.com

Barry Rosner – Pro Se
barry.rosner@route22toyota.com

Ahmed Khedr – Pro Se
Ahmedkhedr5161@gmail.com

Asher Bomani Lewis – Pro Se
inevitablegains@gmail.com

Stuart Wayne Springfield – Pro Se
stuartspringfield@gmail.com

Christine Linda Masters – Pro Se
Chrissy.masters@icloud.com

Amar Anand Agrawal, Esquire
aagrawal@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Douglas James Ferguson, Esquire
dferguson@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Dated: April 18, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By:  /s/ *Elyse Cohen*
     Elyse N. Cohen, Esq.
     (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>        Plaintiffs,<br><br>    v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>        Defendants. | Civil Action No. 2:23:cv-20773 |

## DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, RICARDO MARQUEZ

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Ricardo Marquez, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

## Definitions and Instructions

a.      The terms "You", "Your", "Plaintiff," or "Marquez" refer to Plaintiff Ricardo Marquez and any person or entity at any time acting or purporting to act on its behalf, including,

but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.      The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.      The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.      The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.      The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.      The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.      The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.      The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     i.     "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

     j.     "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## **REQUEST FOR PRODUCTION**

1.    All Communications between You and CFT.

2.    All Communications between You and Bastos.

3.    All Communications between You and Percy.

4.    All Documents, Communications, and/or ESI that support your contention that CFT, Bastos, and Percy were aware that You were located in New Jersey at the time of the events giving rise to the causes of action asserted in Your Amended Complaint.

5.    All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

6.    All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

7.    All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

9.      All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

10.     All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

11.     All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

12.     All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

13.     All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.     All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.     All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

16.     All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

17.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

18.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

19.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims.

By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

20.     All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

21.     All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

22.     All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

 /s/ *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

*and*

 /s/ *Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

Dated:  April 18, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Ricardo Marquez has been served by electronic mail upon Plaintiffs and all counsel

of record.

Gabriela Janeta Roman – Pro Se
Roma1531@gmail.com

Christopher Emanuel Szabo – Pro Se
christopheremanuelszabo@gmail.com

Khaled Elsisi – Pro Se
Khaled_elsisi19@hotmail.com

Linwood Walker – Pro Se
Lwalker3402@yahoo.com

Najy Kanan – Pro Se
Najy123@gmail.com

Robert Yeng – Pro Se
ryeng2012@gmail.com

Luis Pinos – Pro Se
Luispinos64@yahoo.com

Ahmed Sharafeldin – Pro Se
ahmed.m.sharafeldin@gmail.com

Ricardo Marquez – Pro Se
Marquezsales16@gmail.com

Barry Rosner – Pro Se
barry.rosner@route22toyota.com

Ahmed Khedr – Pro Se
Ahmedkhedr5161@gmail.com

Asher Bomani Lewis – Pro Se
inevitablegains@gmail.com

Stuart Wayne Springfield – Pro Se
stuartspringfield@gmail.com

Christine Linda Masters – Pro Se
Chrissy.masters@icloud.com

Amar Anand Agrawal, Esquire
aagrawal@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Douglas James Ferguson, Esquire
dferguson@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Dated: April 18, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By: _/s/ Elyse Cohen_
    Elyse N. Cohen, Esq.
    (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>    Plaintiffs,<br><br>  v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>    Defendants. | Civil Action No. 2:23:cv-20773 |

## DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, ROBERT YENG

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Robert Yeng, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

## Definitions and Instructions

a.      The terms "You", "Your", "Plaintiff," or "Yeng" refer to Plaintiff Robert Yeng and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.      The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.      The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.      The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.      The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.      The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.      The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.      The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any

person or entity at any time acting or purporting to act on their behalf, including, but not limited to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      i.      "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

      j.      "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or

conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition

shall be deemed a separate document within said definition. Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## <u>REQUEST FOR PRODUCTION</u>

1.    All Communications between You and CFT.

2.    All Communications between You and Bastos.

3.    All Communications between You and Percy.

4.    All Documents, Communications, and/or ESI that support your contention that CFT, Bastos, and Percy were aware that You were located in New Jersey at the time of the events giving rise to the causes of action asserted in Your Amended Complaint.

5.    All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

6.    All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

7.    All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

9.      All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

10.      All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

11.      All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

12.      All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

13.      All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.      All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.      All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

16.      All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

17.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

18.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

19.     All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims.

By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

20.     All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

21.     All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

22.     All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

 /s/ *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

*and*

 /s/ *Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

Dated:  April 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Robert Yeng has been served by electronic mail upon Plaintiffs and all counsel of

record.

Gabriela Janeta Roman – Pro Se
Roma1531@gmail.com

Khaled Elsisi – Pro Se
Khaled_elsisi19@hotmail.com

Najy Kanan – Pro Se
Najy123@gmail.com

Luis Pinos – Pro Se
Luispinos64@yahoo.com

Ricardo Marquez – Pro Se
Marquezsales16@gmail.com

Ahmed Khedr – Pro Se
Ahmedkhedr5161@gmail.com

Stuart Wayne Springfield – Pro Se
stuartspringfield@gmail.com

Amar Anand Agrawal, Esquire
aagrawal@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Christopher Emanuel Szabo – Pro Se
christopheremanuelszabo@gmail.com

Linwood Walker – Pro Se
Lwalker3402@yahoo.com

Robert Yeng – Pro Se
ryeng2012@gmail.com

Ahmed Sharafeldin – Pro Se
ahmed.m.sharafeldin@gmail.com

Barry Rosner – Pro Se
barry.rosner@route22toyota.com

Asher Bomani Lewis – Pro Se
inevitablegains@gmail.com

Christine Linda Masters – Pro Se
Chrissy.masters@icloud.com

Douglas James Ferguson, Esquire
dferguson@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Dated: April 18, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By: _/s/ *Elyse Cohen*_____
    Elyse N. Cohen, Esq.
    (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>        Plaintiffs,<br><br>   v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>        Defendants. | Civil Action No. 2:23:cv-20773 |

## DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, STUART WAYNE SPRINGFIELD

    Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Stuart Wayne Springfield, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

### Definitions and Instructions

    a.    The terms "You", "Your", "Plaintiff," or "Springfield" refer to Plaintiff Stuart Wayne Springfield and any person or entity at any time acting or purporting to act on its behalf,

including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.     The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.     The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.     The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.     The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.     The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.     The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.     The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

     i.    "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

     j.    "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

### Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## <u>REQUEST FOR PRODUCTION</u>

1.      All Communications between You and CFT.

2.      All Communications between You and Bastos.

3.      All Communications between You and Percy.

4.      All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

5.      All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

6.      All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

7.      All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.    All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

9.    All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

10.    All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

11.    All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

12.    All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

13.    All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.    All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.    All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

16.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading

software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

17.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

18.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims. By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

19.     All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

20.     All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

21.     All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

 /s/ *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

*and*

 /s/ *Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

Dated:  April 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Stuart Wayne Springfield has been served by electronic mail upon Plaintiffs and all

counsel of record.

| | |
|---|---|
| Gabriela Janeta Roman – Pro Se<br>Roma1531@gmail.com | Christopher Emanuel Szabo – Pro Se<br>christopheremanuelszabo@gmail.com |
| Khaled Elsisi – Pro Se<br>Khaled_elsisi19@hotmail.com | Linwood Walker – Pro Se<br>Lwalker3402@yahoo.com |
| Najy Kanan – Pro Se<br>Najy123@gmail.com | Robert Yeng – Pro Se<br>ryeng2012@gmail.com |
| Luis Pinos – Pro Se<br>Luispinos64@yahoo.com | Ahmed Sharafeldin – Pro Se<br>ahmed.m.sharafeldin@gmail.com |
| Ricardo Marquez – Pro Se<br>Marquezsales16@gmail.com | Barry Rosner – Pro Se<br>barry.rosner@route22toyota.com |
| Ahmed Khedr – Pro Se<br>Ahmedkhedr5161@gmail.com | Asher Bomani Lewis – Pro Se<br>inevitablegains@gmail.com |
| Stuart Wayne Springfield – Pro Se<br>stuartspringfield@gmail.com | Christine Linda Masters – Pro Se<br>Chrissy.masters@icloud.com |
| Amar Anand Agrawal, Esquire<br>aagrawal@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* | Douglas James Ferguson, Esquire<br>dferguson@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* |

Dated: April 18, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:  /s/ *Elyse Cohen*
       Elyse N. Cohen, Esq.
       (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG,<br><br>          Plaintiffs,<br><br>   v.<br><br>CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA,<br><br>          Defendants. | Civil Action No. 2:23:cv-20773 |

### DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, AHMED KHEDR

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Ahmed Khedr, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

### Definitions and Instructions

a.     The terms "You", "Your", "Plaintiff," or "Khedr" refer to Plaintiff Ahmed Khedr and any person or entity at any time acting or purporting to act on its behalf, including, but not

limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.      The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.      The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.      The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.      The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.      The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.      The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.      The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      i.      "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

      j.      "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.      "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.      "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.      "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.      The term "all" means "any and all" and the term "any" means "any and all."

o.      "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## **REQUEST FOR PRODUCTION**

1.      All Communications between You and CFT.

2.      All Communications between You and Bastos.

3.      All Communications between You and Percy.

4.      All Documents, Communications, and/or ESI that support your contention that CFT, Bastos, and Percy were aware that You were located in New Jersey at the time of the events giving rise to the causes of action asserted in Your Amended Complaint.

5.      All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

6.      All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

7.      All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8.    All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

9.    All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

10.    All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

11.    All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

12.    All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

13.    All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14.    All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

15.    All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

16.    All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

17.    All Documents, Communication and/or ESI that support paragraph 158 of the
Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading
software as a highly profitable investment tool while hiding its true operations. This entity engaged
in a pattern of deceptive practices, including fabricating offshore corporations, manipulating
trading activities, and misappropriating investor funds. CFT Required all investors to use
FxWinning as their exclusive broker, and while it claimed its services did not constitute security
services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving
complex layers of deception and manipulation to defraud investors across various jurisdictions."

18.    All Documents, Communication and/or ESI that support paragraph 158 of the
Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across
multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and
utilized official communication channels, such as Telegram, to manage the enterprise's operations.
This included coordinating live Zoom meetings, social gatherings, and conventions, which were
attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the
extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear
pattern of racketeering activity."

19.    All Documents, Communication and/or ESI that support paragraph 158 of the
Complaint that "The COO Percy was instrumental in managing the enterprise's risk and
maintained significant connections with FXWinning's leaders. His involvement extended to
facilitating the creation of fake Panamanian corporations through an associate and playing a key
role in the enterprise's communications with investors globally. The COO's activities included
participating in business conventions where the fraudulent scheme was actively promoted,
significantly contributing to the widespread deceptive practices underpinning the RICO claims.

By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

20.     All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

21.     All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

22.     All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

 /s/ *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

*and*

 /s/ *Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy*

Dated:  April 18, 2025

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Ahmed Khedr has been served by electronic mail upon Plaintiffs and all counsel of

record.

| | |
|---|---|
| Gabriela Janeta Roman – Pro Se<br>Roma1531@gmail.com | Christopher Emanuel Szabo – Pro Se<br>christopheremanuelszabo@gmail.com |
| Khaled Elsisi – Pro Se<br>Khaled_elsisi19@hotmail.com | Linwood Walker – Pro Se<br>Lwalker3402@yahoo.com |
| Najy Kanan – Pro Se<br>Najy123@gmail.com | Robert Yeng – Pro Se<br>ryeng2012@gmail.com |
| Luis Pinos – Pro Se<br>Luispinos64@yahoo.com | Ahmed Sharafeldin – Pro Se<br>ahmed.m.sharafeldin@gmail.com |
| Ricardo Marquez – Pro Se<br>Marquezsales16@gmail.com | Barry Rosner – Pro Se<br>barry.rosner@route22toyota.com |
| Ahmed Khedr – Pro Se<br>Ahmedkhedr5161@gmail.com | Asher Bomani Lewis – Pro Se<br>inevitablegains@gmail.com |
| Stuart Wayne Springfield – Pro Se<br>stuartspringfield@gmail.com | Christine Linda Masters – Pro Se<br>Chrissy.masters@icloud.com |
| Amar Anand Agrawal, Esquire<br>aagrawal@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* | Douglas James Ferguson, Esquire<br>dferguson@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* |

Dated: April 18, 2025

**NELSON MULLINS RILEY &
SCARBOROUGH LLP**

By:  /s/ *Elyse Cohen*
    Elyse N. Cohen, Esq.
    (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions,
LLC, Renan De Rocha Gomes Bastos, and
Arthur Percy*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, ASHER BOMANI LEWIS, RICARDO MARQUEZ, CHRISTINE LINDA MASTERS, LUIS PINOS, GABRIELA JANETA ROMAN, BARRY ROSNER, AHMED SHARAFELDIN, STUART WAYNE SPRINGFIELD, CHRISTOPHER EMANUEL SZABO, LINWOOD WALKER, and ROBERT YENG, | Civil Action No. 2:23:cv-20773 |
| Plaintiffs, | |
| v. | |
| CFT SOLUTIONS, LLC, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, ARTHUR PERCY, CHUCK MARSHALL, DIVINE-SEVEN EL, MICHAEL JEX, ELIDO SANTANA, | |
| Defendants. | |

## DEFENDANTS' REQUEST FOR JURISDICTIONAL DISCOVERY TO PLAINTIFF, AHMED SHARAFELDIN

Defendants, CFT Solutions, LLC ("**CFT**"), Renan De Rocha Gomes Bastos ("**Bastos**"), and Arthur Percy ("**Percy**") (collectively, "**Defendants**"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, serves its First Request for Production on Plaintiff, Ahmed Sharafeldin, which shall respond to the following Requests and produce responsive documents within thirty (30) days of service hereof.

## Definitions and Instructions

a.      The terms "You", "Your", "Plaintiff," or "Sharafeldin" refer to Plaintiff Ahmed Sharafeldin and any person or entity at any time acting or purporting to act on its behalf, including,

but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

b.    The term "CFT" refers to Defendant, CFT Solutions, LLC, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

c.    The term "Bastos" refers to Defendant, Renan De Rocha Gomes Bastos, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

d.    The term "Percy" refers to Defendant, Arthur Percy, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

e.    The term "Defendants" refers to CFT, Bastos, and Percy, and any person or entity at any time acting or purporting to act on its behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

f.    The term "Santana" refers to Defendant, Elido Santana, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

g.    The term "Jex" refers to Defendant, Michael Jex, and any person or entity at any time acting or purporting to act on his behalf, including, but not limited to, its partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

h.    The term "NJ Plaintiffs" refers to Plaintiffs, Najy Kanan, Ahmed Sharafeldin, Barry Rosner, Khaled Elsisi, Linwood Walker, Luis Pinos, Robert Yeng, and Ahmed Khder, and any person or entity at any time acting or purporting to act on their behalf, including, but not limited

to, their partners, agents, employees, representatives, consultants, experts, contractors, or attorneys.

      i.      "Amended Complaint" refers to the Proposed Amended Complaint that was submitted on March 21, 2025, in the above-referenced action.

      j.      "Document" or "documents" as used herein shall mean the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations,

schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, text messages, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including deleted files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including hard drives or floppy disks and any backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROM) or otherwise, whether such files have been reduced to paper printouts or not. This includes but is not limited to emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all computer aided design (CAD) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows-based or pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and cookies files and all backup storage media, and any and all other papers similar to any of the foregoing. Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition. Any document shall include all

exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

k.        "Communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

l.        "Electronically Stored Information" or "ESI" is any information created or stored on or in connection with computer technology of any type and includes, but is not limited to, data; word-processing Documents; spreadsheets; presentation Documents; graphics; animations; images; e-mail and instant messages (including attachments); audio, video, and audiovisual recordings; voicemail stored on databases; networks; computers and computer systems; servers; archives; backup or disaster recovery systems; discs, CDs, diskettes, drives, tapes, cartridges and other storage media; printers; the Internet; personal digital assistants; handheld wireless devices and all text messages created in connection therewith; cellular telephones; pagers; fax machines.

m.        "Relate to", "evidence", "relating to", "refer to", "referring to", and "concerning" means any and all information which is evidence of, relevant to, refers to, pertains to, reflects upon, concerns or in any way is logically or factually connected with and which may afford any information regarding the matters discussed.

n.        The term "all" means "any and all" and the term "any" means "any and all."

o.        "And" and "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope. pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

p.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.

q.      Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

r.      "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

s.      To the extent any request is objected to, set forth all reasons therefore, including the rationale for any such objection. If a privilege is claimed as a ground for not answering an request, describe the basis for the claim of privilege in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

### Instructions

1.      In accordance with Rule 26(e) of the Federal Rules, Your obligation to respond to these requests is continuing. If, after answering these requests, You or any person acting on Your behalf obtains or becomes aware of any further information or documents responsive to these requests, You shall promptly produce such additional information in accordance with the instructions set forth herein.

2.      The singular includes the plural and vice versa. The past tense of a verb includes the present tense and vice versa.

3.      If You object to furnishing any information requested by these requests on the basis of attorney-client privilege, attorney work product or otherwise, state the existence of the information, identify the specific grounds on which Your objection is based (e.g., attorney work

product, attorney-client privilege) and produce a privilege log for any documents that contain the information on which You base Your claim of privilege. If You object to providing any information on grounds other than a claim of privilege, state the grounds upon which the objection is based with sufficient specificity to permit determination of the propriety of such objection. If any request requesting information You deem objectionable also requests information that is not objectionable, You must provide the responsive information and answer that portion of the request to which You do not object.

4.     The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## <u>REQUEST FOR PRODUCTION</u>

1.     All Communications between You and CFT.

2.     All Communications between You and Bastos.

3.     All Communications between You and Percy.

4.     All Documents, Communications, and/or ESI that support your contention that CFT, Bastos, and Percy were aware that You were located in New Jersey at the time of the events giving rise to the causes of action asserted in Your Amended Complaint.

5.     All Documents, Communications, and/or ESI that show that Defendants purposefully directed their activities at New Jersey.

6.     All Documents, Communications, and/or ESI that show that Defendants knew that You would suffer the brunt of the harm caused by their allegedly tortious conduct in New Jersey.

7.     All Documents, Communications, and/or ESI that reflect any specific activity by Defendants indicating that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

8. All Documents, Communications, and/or ESI that reflect that Defendants expressly aimed their allegedly tortious conduct at New Jersey.

9. All Documents, Communications, and/or ESI that reflect that Defendants made New Jersey the focal point of their allegedly tortious activity.

10. All Documents, Communications, and/or ESI that reflect that Defendants manifested behavior intentionally targeted at and focused on New Jersey.

11. All Documents, Communications, and/or ESI that support the jurisdictional allegations in Paragraph 74 of the Amended Complaint that "Mr. Garcia, under the onboarding team's direction, created a fake corporation for a New Jersey investor who was related to Percy."

12. All Documents, Communications, and/or ESI that support the allegation in Paragraph 87 of the Amended Complaint that Jex and Santana were agents of CFT.

13. All Documents, Communication and/or ESI that support the allegations in the Declaration of the NJ Plaintiffs that Santana was acting under the direction of Jex and on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

14. All Documents, Communication and/or ESI that support the allegations in the Declarations of the NJ Plaintiffs that Santana was acting on behalf of CFT. *See* Opposition to Motion to Dismiss, Exhibit 12.

15. All Documents, Communication and/or ESI that support Your allegation that Santana had knowledge that the NJ Plaintiffs were residents of New Jersey. *See* Opposition to Motion to Dismiss, Exhibit 12.

16. All Documents, Communication and/or ESI that Santana was "extensively and deliberately directed his tortious actions towards the forum state, with full knowledge that New Jersey Plaintiffs were domiciled therein." *See* Opposition to Motion to Dismiss at 17.

17.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CFT is the central entity drive the fraudulent scheme, promoting its trading software as a highly profitable investment tool while hiding its true operations. This entity engaged in a pattern of deceptive practices, including fabricating offshore corporations, manipulating trading activities, and misappropriating investor funds. CFT Required all investors to use FxWinning as their exclusive broker, and while it claimed its services did not constitute security services, its actions contradicted this assertion. The fraudulent scheme was widespread, involving complex layers of deception and manipulation to defraud investors across various jurisdictions."

18.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "CEO Bastos orchestrated and directed the enterprise's fraudulent activities across multiple jurisdictions. He personally accepted investor funds into his cryptocurrency accounts and utilized official communication channels, such as Telegram, to manage the enterprise's operations. This included coordinating live Zoom meetings, social gatherings, and conventions, which were attended by numerous investors, the agents and the CFT board. Bastos's Actions exemplify the extensive and coordinated nature of the enterprise's fraudulent scheme, demonstrating a clear pattern of racketeering activity."

19.    All Documents, Communication and/or ESI that support paragraph 158 of the Complaint that "The COO Percy was instrumental in managing the enterprise's risk and maintained significant connections with FXWinning's leaders. His involvement extended to facilitating the creation of fake Panamanian corporations through an associate and playing a key role in the enterprise's communications with investors globally. The COO's activities included participating in business conventions where the fraudulent scheme was actively promoted, significantly contributing to the widespread deceptive practices underpinning the RICO claims.

By leveraging his political connections to recruit high-ranking officials on CFT's board, he created a false sense of security among investors, further in the enterprises operations."

20.    All Documents, Communications, and/or ESI that reflect that the alleged conspiracy was centered in, operated in, or otherwise based in New Jersey.

21.    All Documents, Communications, and/or ESI that reflect that the focal point of Defendants' allegedly unlawful conduct was New Jersey.

22.    All Documents, Communications, and/or ESI that reflect that there is an obvious proximity between Florida and New Jersey such that this action does not subject Defendants to litigation in far flung fora.

Respectfully submitted,

<div style="margin-left: 40%;">

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

 /s/ *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No.  155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

*and*

 /s/ *Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

</div>

Dated:  April 18, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Request for Jurisdictional

Discovery to Ahmed Sharafeldin has been served by electronic mail upon Plaintiffs and all counsel

of record.

| | |
|---|---|
| Gabriela Janeta Roman – Pro Se<br>Roma1531@gmail.com | Christopher Emanuel Szabo – Pro Se<br>christopheremanuelszabo@gmail.com |
| Khaled Elsisi – Pro Se<br>Khaled_elsisi19@hotmail.com | Linwood Walker – Pro Se<br>Lwalker3402@yahoo.com |
| Najy Kanan – Pro Se<br>Najy123@gmail.com | Robert Yeng – Pro Se<br>ryeng2012@gmail.com |
| Luis Pinos – Pro Se<br>Luispinos64@yahoo.com | Ahmed Sharafeldin – Pro Se<br>ahmed.m.sharafeldin@gmail.com |
| Ricardo Marquez – Pro Se<br>Marquezsales16@gmail.com | Barry Rosner – Pro Se<br>barry.rosner@route22toyota.com |
| Ahmed Khedr – Pro Se<br>Ahmedkhedr5161@gmail.com | Asher Bomani Lewis – Pro Se<br>inevitablegains@gmail.com |
| Stuart Wayne Springfield – Pro Se<br>stuartspringfield@gmail.com | Christine Linda Masters – Pro Se<br>Chrissy.masters@icloud.com |
| Amar Anand Agrawal, Esquire<br>aagrawal@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* | Douglas James Ferguson, Esquire<br>dferguson@egalawfirm.com<br>*Counsel for Defendant Yvenson Israel* |

Dated: April 18, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:  /s/ *Elyse Cohen*
    Elyse N. Cohen, Esq.
    (N.J. ID No. 155212015)

*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*