UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KHALED ELSISI, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CFT SOLUTIONS, et al.,**<br><br>**Defendants.** | Civil Action No. 23-20773 (MEF) (MAH)<br><br><br>**OPINION** |

This matter comes before the Court by way of Defendants CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percey's (collectively, "Defendants") motion for clarification and to compel attendance at depositions, motion to compel production, and motion for sanctions. Defs.' Mot. for Clarification and to Compel ("Defs.' First Mot. to Compel"), D.E. 116; Defs.' Mot. to Compel Production and for Sanctions ("Defs.' Second Mot. to Compel"), D.E. 124. Plaintiffs oppose Defendants' motions and cross-move to stay enforcement of this Court's April 15, 2025 Order. Pls.' Opp'n and Cross-Mot. to Stay, May 26, 2025, D.E. 127, at 3. The Court considers the parties' respective motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' requests are granted in part and denied in part, and Plaintiffs' request is denied.

**I. BACKGROUND**

On September 28, 2025, Plaintiffs filed a Complaint against Defendants alleging fraud, Racketeer Influenced and Corrupt Organization Act ("RICO") Conspiracy § 1962, RICO § 1962, violation of the New Jersey Consumer Fraud Act and Florida Deceptive and Unfair Trade Practices Act, violation of federal and state securities laws, conversion, and unjust enrichment in connection with a cryptocurrency asset exchange "FXWinning." *See* Compl., D.E. 1, ¶¶ 86-194. On

January 10, 2024, Defendants CFT Solutions, LLC, Renan Da Rocha, and Arthur Percey moved to dismiss Plaintiffs' Complaint for lack of personal jurisdiction. Defs.' Mot. to Dismiss, D.E. 11. On February 16, 2025, Defendant Yvenson Israel ("Israel") likewise moved to dismiss Plaintiffs' Complaint for lack of personal jurisdiction. Def. Israel's Mot. to Dismiss, D.E. 20. On May 30, 2024, the Honorable Michael E. Farbiarz denied Defendants' motions to dismiss. Order, D.E. 49, at 4. The District Court ordered jurisdictional discovery for a fuller understanding of:

> (1) the New Jersey contacts involving Defendants other than the Outreach Defendant, (2) a clearer picture of the relationship between the other Defendants and the Outreach Defendant, so as to determine whether the Outreach Defendant's contacts with New Jersey can be imputed to the other Defendants, and (3) whether there is or is not another form where "traditional jurisdiction," could lie over all the defendants.

*Id.* (citation modified).

On June 11, 2024, the Court entered a Jurisdictional Discovery Scheduling Order. D.E. 51. Plaintiffs' then-counsel moved to withdraw as counsel for Plaintiffs. Mot. to Withdraw, July 16, 2024, D.E. 56. After a series of amended motions to withdraw and a hearing before the Undersigned, Plaintiffs' counsel was relieved from representing Plaintiffs. *See* Mot. to Withdraw, Oct. 17, 2024, D.E. 68; Mot. to Withdraw, Dec. 6, 2024, D.E. 75; Mot. to Withdraw, Dec. 10, 2024, D.E. 78; Order, Feb. 25, 2025, D.E. 88. In their written submissions and at the hearing, Plaintiffs expressed their intention continue this litigation pro se. The Court entered a First Amended Jurisdictional Scheduling Order on February 26, 2025. D.E. 89. The Court then amended the Scheduling Order to clarify an omission in the First Amended Scheduling Order. Second Amended Scheduling Order, Mar. 12, 2025, D.E. 99.

2

Throughout this process, Plaintiffs, now proceeding pro se, filed various motions to vacate the jurisdictional discovery scheduling orders and for other related relief. First, Plaintiffs requested the Court to vacate the jurisdictional discovery plan. They argued that they were unable to contribute during the Rule 16 scheduling conference. Pls.' Mot. to Vacate, Feb. 28, 2025, D.E. 94. The Court denied Plaintiffs' request because Plaintiffs had a full opportunity to be heard and to contribute to the jurisdictional discovery plan. The Court also noted that mere disagreement with the requirement to conduct jurisdictional discovery occurring was not a proper basis to vacate the plan. *See* Second Am. Discovery Scheduling Order, Mar. 12, 2025, D.E. 99, at 1-2 n.1. Second, Plaintiffs requested to stay all proceedings and vacate the jurisdictional discovery plan until the Court officially recognized their pro se status. Pls.' Mot. to Stay, Mar. 9, 2025, D.E. 98. The Court denied Plaintiffs' request because Plaintiffs are proceeding pro se, so the relief they sought had already been addressed. Order, Mar. 13, 2025, D.E. 100.

Plaintiffs again sought to vacate the jurisdictional discovery plan, as well as "stay discovery, introduce [an] amended complaint, and void fraudulent limited power of attorneys." Mot. to Vacate, Mar. 21, 2025, D.E. 103, at 1. The Court granted Plaintiffs' request to file an amended complaint, but denied the remainder of the relief Plaintiffs sought. Order, Apr. 11, 2025, D.E. 107. The Court denied Plaintiffs' request because, as the Court had previously explained, the District Court ordered jurisdictional discovery "to clarify whether there are sufficient contacts between defendants and this forum." *Id.* at 2 n.5.

Plaintiffs appealed the Undersigned's Orders to Judge Farbiarz. Pls.' Mot. to Vacate the April 15, 2025 Order, Apr. 18, 2025, D.E. 113; Pls.' Mot. to Vacate the April 11, 2025 Order, Apr. 18, 2025, D.E. 114. Judge Farbiarz denied Plaintiffs' appeals of the Undersigned's orders.

Order, Apr. 23, 2025, D.E. 115.

On May 14, 2025, Defendants moved to clarify this Court's Second Amended Scheduling Order and to compel Plaintiffs' attendance at depositions. Defs.' First Mot. to Compel, D.E. 116. As to the clarification portion of the motion, Defendants contend that because the Second Amended Scheduling Order limited depositions concerning jurisdictional discovery to fourteen (14) depositions per side, and Plaintiffs added two additional plaintiffs, Defendants should be permitted to depose the two new plaintiffs. *Id.* ¶¶ 1-9. As to the motion to compel, Defendants assert that they have been attempting to coordinate the original fourteen Plaintiffs' depositions but have continually been stonewalled. *Id.* ¶ 10. Defendants' efforts included multiple attempts to coordinate Plaintiffs' depositions between February and April, but to no avail. *Id.* ¶¶ 11-27.

On May 23, 2025, Defendants moved to compel production and moved for sanctions. Defs.' Second Mot. to Compel, D.E. 124. Consistent with the deadlines of the Second Amended Scheduling Order, Defendants served each Plaintiff with a request to produce documents on April 18, 2025. Defs.' Br. in Supp. of Defs.' Second Mot. to Compel, D.E. 124-1, ¶ 5; *see also id.*, Ex. A. The deadline for response was May 19, 2025. *Id.* ¶ 6. No Plaintiff responded. *Id.* ¶ 7. Defendants contacted Plaintiffs about Plaintiffs' failure to respond. *Id.* ¶ 8. Plaintiff Gabriela Roman ("Roman") responded that Plaintiffs did not regard the discovery schedule as binding because Plaintiffs had not consented to jurisdictional discovery. *Id.* ¶ 9; *see also id.*, Ex. B.

Plaintiffs opposed and cross-moved to stay proceedings pending the District Court's review of the Undersigned's April 15, 2025 Order. Pls.' Opp'n and Cross-Mot. to Stay, May 26, 2025, D.E. 127. Plaintiffs argue that the jurisdictional discovery order is currently under review by Judge Farbiarz, so "[n]o motion to compel can proceed while the underlying discovery authority

remains unresolved." *Id.* at 3. Plaintiffs contend that Defendants' motions are an attempt to preempt and undermine the District Judge's authority. *Id.* 3-4. Plaintiffs further explain that their failure to comply with the discovery deadlines is premised upon their disagreement with jurisdictional discovery. *Id.* at 4. Plaintiffs assert that sanctions are inappropriate, and Defendants are the ones being improper. *Id.* Finally, Plaintiffs claim that Defense counsel has engaged in improper communications to bait Plaintiffs into jurisdictional discovery, despite Plaintiffs' objections. *Id.* at 5.

Defendants' reply reiterates that Defendants' respective motions to dismiss were denied without prejudice and the Court required the parties to take jurisdictional discovery. Defs.' Reply in Supp., D.E. 128, ¶¶ 2-3. Further, that "Plaintiffs were present and raised no objection to jurisdictional discovery at the Rule 16 scheduling conference." *Id.* ¶ 4.[1]

## II. LEGAL DISCUSSION

### A. Plaintiffs' Cross-Motion to Stay Proceedings

Plaintiffs have failed to demonstrate good cause to stay enforcement of the April 15, 2025 Order pending the District Judge's review of that Order. Federal Rule of Civil Procedure

---

[1] On June 5, 2025, Plaintiffs filed an impermissible sur-reply in further opposition to Defendants' motions. Pls.' Sur-Reply, D.E. 130. Plaintiffs did not seek leave to file a sur-reply as required under Local Civil Rule 7.1. Plaintiffs contend that they voiced their objections to jurisdictional discovery during the February 25, 2025 conference. Pls.' Sur-Reply, D.E. 130. According to the transcript of that conference, Plaintiffs stated that they did not consent to jurisdictional discovery. Rec. of Feb. 25, 2025 Virtual Mot. to Withdraw Hearing. The Undersigned explained that it was not a matter that would require consent and that the Defendants challenge jurisdiction. The Undersigned further explained that Plaintiffs amending their Complaint would ultimately still lead to the same jurisdictional discovery that was necessitated by Plaintiffs' initial Complaint. No other objections were voiced. Regardless of the procedural defects in this sur-reply, the Court will nonetheless consider it in adjudicating this Opinion.

26(c) provides that a court may stay discovery only on a showing of "good cause" by the party requesting the stay. *See Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007) ("A protective order pursuant to Fed. R. Civ. P. 26(c) may only be issued if 'good cause' is shown."); Fed. R. Civ. P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause"); *see also Perelman v. Perelman*, No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'") (citations omitted). "[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982); *see also Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted).

     Motions to stay discovery are not favored because "when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coyle*, 2009 WL 1652399, at *3 (internal citations and quotation marks omitted). The United States Supreme Court set forth that a movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to [someone] else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). And the Supreme Court further clarified that in deciding whether to stay proceedings requires weighing competing interests and balancing the hardships with respect to the movant and non-movant. *See id.* at 254-55; *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)

6

(balancing the potential hardship with respect to both parties).

Here, the Court finds that there is no basis to stay discovery. Plaintiffs have not established good cause. *See Coyle*, 2009 WL 1652399, at *3. Plaintiffs provide no legitimate reason to stay discovery beyond disagreement with the Orders requiring jurisdictional discovery to go forward. Plaintiffs contend that their appeal of the April 15, 2025 Order is under review before Judge Farbiarz. However, that is incorrect. Plaintiffs filed a motion to vacate the April 15, 2025 Order on April 18, 2025. Plaintiffs' Mot. to Vacate, D.E. 113. On April 23, 2025, Judge Farbiarz denied Plaintiffs' request. Order, D.E. 115 ("The motions at ECF 113 and 114, which the Court takes to be motions for reconsideration of the Magistrate Judge's orders, are denied for failure to meet the relevant standards."). In short, there are no pending reviews of the Undersigned's Orders. Therefore, the basis for Plaintiffs' stay request does not exist.

Moreover, granting a stay of discovery in this matter will continue to delay the resolution of this action and prejudice Defendants. *See Worldcom Techs. v. Intelnet Int'l Inc.*, No. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) ("Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.") (citation omitted). As explained in more detail below, Defendants have attempted to comply with this Court's discovery scheduling orders. However, instead of participating in discovery, Plaintiffs have proliferated the docket with requests to stay discovery and vacate the jurisdictional discovery scheduling orders. There is simply no basis at this point to further delay jurisdictional discovery. The District Judge denied Defendants' motions to dismiss without prejudice specifically to allow for jurisdictional discovery.

7

### B. Defendants' Motions to Compel

Defendants are seeking Plaintiffs' compliance with the discovery deadlines the Court imposed. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The burden is on the party seeking discovery to "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence," *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Upon that showing of good cause, "a court may order discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Becton, Dickinson & Co.*, No. 14-4318, 2018 WL 627378, at *4 (D.N.J. Jan. 30, 2018).

Plaintiffs have refused to comply with their discovery obligations. Namely, Plaintiffs have not responded to Defendants' requests for production or attempts to coordinate party depositions. Defs.' First Mot. to Compel, D.E. 116, ¶¶ 1-27; Defs.' Br. in Supp. of Defs.' Second Mot. to Compel, D.E. 124-1, ¶¶ 5-10.

As parties to this litigation, Plaintiffs' depositions are critical to establish whether this Court has personal jurisdiction over Defendants. *See* Order, May 30, 2024, at 4 (explaining that jurisdictional discovery could be useful to establish the New Jersey contacts involving Defendants and their relationship to Plaintiffs). Moreover, depositions are a standard discovery producer to gather information and evidence relevant to the litigation. *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of course except as provided in Rule 30(a)(2).").

Likewise, Plaintiffs' production of documents to Defendants is necessary for this Court to

8

determine whether it has jurisdiction over Defendants. Federal Rule of Civil Procedure 34(1)(A) specifically provides that a party may serve a document request upon any other party requiring that party to produce:

> (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things[.]

Plaintiffs have failed to satisfy their obligations under the Federal Rules of Civil Procedure and this Court's directives. According to Defendants' submissions, Defendants sought to informally compel Plaintiffs' compliance. *See* Second Mot. to Compel, D.E. 124-5, Exhibit B. However, Plaintiffs refused and instead stated that they viewed this correspondence as an attempt to "coerce pro se litigants into participation in unauthorized discovery." *Id.* There are specifically delineated procedures for a party to respond and object to a discovery request. *See* Fed. R. Civ. P. 34(2). Plaintiffs' submission does not lodge a valid objection to the scope or relevance of Defendants' discovery demands, but instead admits that Plaintiffs' noncompliance is due to their disagreement with the Court's jurisdictional discovery orders. Pls.' Opp'n and Cross-Mot. to Stay, May 26, 2025, D.E. 127, at 4. Refusing to recognize an obligation is not a valid basis for noncompliance with this Court's orders or a party's discovery obligations.

The Court is mindful that Plaintiffs are proceeding pro se. However, their pro se status does not excuse refusal to comply with this Court's orders, or ignoring Defendants' attempts to procure document production and facilitate their depositions. *See Thompson v. Target Stores*,

9

501 F. Supp. 2d 601, 603 (D. Del. 2007) (noting that pro se litigants "must follow the rules of procedure and the substantive law"); *see also McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Given Plaintiffs' continued non-compliance with Defendants' attempts to conduct routine discovery and the discovery Defendants seek is plainly relevant, Defendants have demonstrated good cause, and the Court will grant Defendants' motions to compel and amend the scheduling order to account for the two additional Plaintiffs' depositions. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2018 WL 627378, at *4.

### C. Defendants' Motion for Sanctions

Defendants' request for sanctions is guided by Rule 37(a)(5). Under Federal Rule of Civil Procedure 37, a party may compel a discovery response if "a party fails to produce documents . . . as requested under Rule 34." If a motion to compel is granted under Rule 37, after a party necessitating the motion has an opportunity to be heard, the Court must require that party "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," absent an applicable exception. Rule 37(a)(5) requires the Court to award expenses unless (1) the motion was filed before a good faith attempt to obtain the disclosure or discovery without court action, (2) the opposing party's nondisclosure or response was substantially justified, or (3) "other circumstances make an award of expenses unjust." *See also AdvanSix Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 22-7962, 2023 WL 6297845, at *4 (D.N.J. June 20, 2023).

Defendants sought to informally resolve Plaintiffs' noncompliance, but Plaintiffs instead

refused to acknowledge their discovery obligations. *See* Defs.' Br. in Supp. of Defs.' Second Mot. to Compel, D.E. 124-1, Ex. B; Defs.' First Mot. to Compel, D.E. 116, ¶¶ 11-27. Defendants made a good faith attempt to obtain the sought discovery without court action.

The next inquiry is whether Plaintiffs possessed a substantial justification in their nondisclosure and refusal to respond to Defendants' discovery requests. Substantial justification exists where "the motion raised an issue 'about which reasonable [minds] could genuinely differ on whether a party was bound to comply with a discovery rule.'" *Rhodes v. Marix Servicing, LLC*, 2013 U.S. Dist. LEXIS 169586, at *9 (D.N.J. Dec. 2, 2013) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* 790 (1970)); *see also Decision Insights, Inc. v. Sentia Group, Inc.*, 311 Fed. Appx. 586, 599 (4th Cir. 2009) ("A legal position is substantially justified if there is a genuine dispute as to proper resolution or if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.") (citation modified). The Court has explained numerous times that jurisdictional discovery must go forward so that the Court can properly adjudicate whether it has personal jurisdiction over Defendants. *See, e.g.*, Order, Apr. 11, 2025, D.E. 107. Plaintiffs' attempts to appeal those orders have been denied. Order, Apr. 23, 2025, D.E. 115. Therefore, Plaintiffs' noncompliance was not substantially justified.

However, the Court will not grant Defendants' request for sanctions because "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(A)(5)(iii). The Court recognizes Defendants' attempts to procure discovery have been rejected. However, these motions are Defendants' first request for Court intervention. The Court will exercise its discretion in declining to award costs, at this time. The Court is mindful of Plaintiffs' pro se

status and disagreement with the Court's entry of the jurisdictional discovery plan. The Court will provide some latitude in this last instance. But if Plaintiffs again refuse to comply with the Court's orders and satisfy their discovery obligations, the Court will consider allowing Defendants to renew their motion.

### III.  CONCLUSION

For the reasons set forth above: (1) the Court will **deny** Plaintiffs' cross-motion to stay enforcement of the April 15, 2025 Order; (2) the Court will **grant** Defendants' motion to compel Plaintiffs' production; (3) the Court will **grant** Defendants' motion compel Plaintiffs' attendance at their depositions and to permit two additional depositions of the newly added Plaintiffs; and (4) the Court will **deny** Defendants' motion for sanctions.

*s/Michael A. Hammer*
**United States Magistrate Judge**

**Dated: June 10, 2025**