## FOR THE DISTRICT OF NEW JERSEY

KHALED ELSISI, NAJY KANAN, AHMED
KHDER, RICARDO MARQUEZ, ASHER
BOMANI LEWIS, LUIS PINOS, CHRISTINE
LINDA MASTERS, AHMED SHARAFELDIN,
LINWOOD WALKER, BARRY ROSNER,
STUART WAYNE SPRINGFIELD, ROBERT
YENG,  JUAN JUNIOR NICASIO, ALIQWUAN
PACK, GABRIELA JANETA ROMAN, and
CHRISTOPHER EMANUEL SZABO

Civil Action No. 2:23:cv – 20773
JURY TRIAL DEMANDED

        **Plaintiffs**

    **v.**

CFT SOLUTIONS, LLC, ARTHUR PERCY,
RENAN DE ROCHA GOMES BASTOS,
YVENSON ISRAEL, DIVINE-SEVEN EL,
CHUCK MARSHALL, MICHAEL JEX, and
ELIDO SANTANA

        **Defendants**

## PLAINTIFFS' NOTICE OF PROCEDURAL BREAKDOWN, DEMAND FOR RULING ON AMENDED COMPLAINT, AND PRESERVATION OF APPEAL RIGHTS

Plaintiffs submit this filing to address what can only now be described as judicial breakdown. After nearly 15 months of obstruction, contradictory rulings, and unchecked abuse of discretion by the Magistrate Judge—with the full awareness and passive approval of District Judge Farbiarz—Plaintiffs are forced to place the record in stark terms:

## I. THE COURT IS IMPOSING DISCOVERY WITHOUT A COMPLAINT

The operative pleading, Dkt. 111, has been treated as valid by this Court—as evidenced by the Magistrate's June 10, 2025, Order (Dkt. 134), which compels the depositions of newly added plaintiffs. This can only occur if the amended complaint is recognized as legally controlling.

Yet:

- No defendant has been required to answer that complaint;
- No judge has issued an order accepting or rejecting it;
- And the District Judge, despite referring Dkt. 110 and 112 to himself since May 19, has remained completely silent.

The result is a procedural paradox: Plaintiffs are being forced into jurisdictional discovery based on a complaint the Court refuses to rule on, while defendants enjoy total immunity from answering it.

## II. THE MAGISTRATE IS ACTING AS THE DISTRICT JUDGE

The June 10 Order (Dkt. 134) confirms that the Magistrate has:

- Resolved dispositive issues (motions to stay and vacate);
- Granted depositions based on unruled filings;
- And permitted defendants to ignore their obligation to respond to the complaint.

This is judicial fraud in disguise: a magistrate judge ruling beyond referral, with the District Judge shielding himself from responsibility while denying all appeals with the empty phrase "failure to meet the relevant standards."

If there is a standard we failed to meet, this Court must identify it. Otherwise, these denials are a farce meant to insulate misconduct and delay appellate oversight.

## III. PLAINTIFFS DEMAND THE FOLLOWING IMMEDIATE ACTION

1. A ruling on Dkt. 111 – the Amended Complaint: If the Court believes it fails to establish jurisdiction, it must dismiss. If it does not, it must order defendants to answer.

2. Rulings on Dkt. 110 and Dkt. 112 referred to Judge Farbiarz for over a month.

3. Termination of jurisdictional discovery: Plaintiffs never consented to it. The amended complaint moots any discovery plan created under the original pleading. This Court cannot force participation in a process designed to evaluate a non-operative complaint.

## IV. THE COURT IS PROTECTING DEFENDANTS FROM FILING A MOTION TO DISMISS — AND PLAINTIFFS ARE NOT FOOLED

Plaintiffs now state plainly what the record makes undeniable: this Court is actively insulating the defendants from having to engage with the amended complaint (Dkt. 111) in any meaningful way. Under Fed. R. Civ. P. 15(a)(3), the defendants were required to respond within 14 days—either by answering or filing a motion to dismiss. That became 45 days as the magistrate kept granting extensions and even then, the defendants still did not answer the complaint.  And they haven't had to—because this Court has allowed them not to.

The District Judge is avoiding ruling on Dkt. 111, and the Magistrate has confirmed in writing (ECF 134) that discovery is proceeding based on that very amended complaint, ordering depositions of the newly added plaintiffs. This establishes the complaint's operative status—yet the defendants have been granted silent immunity from procedural obligations that would apply in every other federal court in this country.

Why?

Because a motion to dismiss would force the Court to rule on Dkt. 111 and Dkt. 112. And ruling on those filings would establish jurisdiction, eliminate arbitration, and expose the defendants' fraud—a result this Court seems desperate to avoid.

Instead, the Court has:

- Blocked all routes to a Rule 12(b) motion,
- Refused to compel an answer,
- Silently frozen the pleadings, and
- Weaponized jurisdictional discovery as a shield to protect fraud, not fact-finding.

This is not incompetence. It's an orchestration. And we are not naïve.

If this Court believes our amended complaint fails to establish jurisdiction, it must say so. If it does not, then the defendants must be compelled to respond. What this Court cannot do—without shattering the Constitution—is to leave plaintiffs in procedural purgatory, forced to defend claims that no defendant is required to address.

This is no longer the law. This is sabotage.

And if this strategy is being employed to buy time, deflect scrutiny, or protect individuals with influence, then we will say it clearly and on the record: this Court has been compromised. Whether by pressure, fear, or favor, it has abandoned the law to protect the powerful. And we will make that truth a matter of public and institutional record at every level available to us.

We are preserving every line for appeal, for federal oversight, and for judicial misconduct review. This Court will not bury our case quietly. We will be heard—whether in this forum or the next.

## V. NOTICE OF APPEAL RIGHTS & HIGHER REVIEW

If this Court refuses to take action, Plaintiffs will:

- File a judicial misconduct complaint under 28 U.S.C. § 351;

- Submit a complaint to the DOJ Office of the Inspector General;

- Notify the Third Circuit Judicial Council that a magistrate is functioning as an Article III judge under silent delegation;

- Forward this document to the FBI;

- And appeal any ruling or dismissal as procedurally defective, abusive, and constitutionally infirm.

We do not need this Court to like us. We need it to follow the law. That is not happening. The pattern of rulings—consistently favoring those accused of fraud and suppressing every attempt by the plaintiffs to be heard—suggests more than error. It suggests influence.

If the law is being selectively applied based on who the plaintiffs are and what their case may expose, then this is no longer a court of law. As *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), firmly established:

*"It is emphatically the province and duty of the judicial department to say what the law is."*

When that duty is abandoned to protect the powerful, justice itself is subverted.

Moreover, as the Supreme Court warned in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009), due process is violated when the probability of bias is *"too high to be constitutionally tolerable."*

This Court's refusal to act on uncontested facts, its deference to defendants who have not answered the complaint, and its sanctioning of a magistrate judge's unlawful control over dispositive matters—all suggest that this forum has strayed from neutrality into protectionism.

The Constitution does not permit that. And we will not be silent while it happens.

Dated: June 22, 2025                                          Respectfully submitted,

Gabriela Janeta Roman – Pro Se
Address: 10020 NW 50th Manor
            Coral Springs, FL 33076
Phone: (954)682-1985
Email: roma1531@gmail.com

_____
Plaintiff's Signature

Christopher Emanuel Szabo – Pro Se
Address: 10020 NW 50th Manor
            Coral Springs, FL 33076
Phone: (954)682-2988
Email: christopheremanuelszabo@gmail.com

_____
Plaintiff's Signature

Khaled Elsisi – Pro Se
Address: 735 Galloping Hill Rd
            Union, NJ 07083
Phone: (201)365-8524
Email: khaled_elsisi19@hotmail.com

_____
Plaintiff's Signature

Linwood Walker – Pro Se
Address: 63 Elm Street
           Florham Park, NJ 07933
Phone: (973)525-7790
Email: Lwalker3402@yahoo.com

*LANWOOD WALKER*
_____
Plaintiff's Signature


Najy Kanan – Pro Se
Address: 5 McCabe Ct
           Little Ferry, NJ 07643
Phone: (201)600-2770
Email: Najy123@gmail.com

*NAJY KANAN*
_____
Plaintiff's Signature


Robert Yeng – Pro Se
Address: 46 Marina Drive
           Bayonne, NJ 07002
Phone: (201)238-0074
Email: ryeng2012@gmail.com

*ROBERT YENG*
_____
Plaintiff's Signature


Luis Pinos – Pro Se
Address: 199 Alton St
           Elizabeth, NJ 07202
Phone: (201)838-5897
Email: luispinos64@yahoo.com

*LUIS PINOS*
_____
Plaintiff's Signature

Ahmed Sharafeldin – Pro Se
Address: 482 Avenue E
        Bayonne, NJ 07002
Phone: (201)253-9960
Email: ahmed.m.sharafeldin@gmail.com

*AHMED SHARAFELDIN*
_____
Plaintiff's Signature

Ricardo Marquez – Pro Se
Address: 122 Watson Ave
        Newark, NJ 07112
Phone: (732)322-6866
Email: MARQUEZSALES16@gmail.com

*RICARDO MARQUEZ*
_____
Plaintiff's Signature

Barry Rosner – Pro Se
Address: 50 Morris Ave, Fl 1
        Summit, NJ 07901
Phone: (973)960-6520
Email: barry.rosner@route22toyota.com

*BARRY ROSNER*
_____
Plaintiff's Signature

Ahmed Khedr – Pro Se
Address: 358 Kettle Creek Rd, #4
        Toms River, NJ 08753
Phone: (732)664-5502
Email: ahmedkhedr5161@gmail.com

*AHMED KHEDR*
_____
Plaintiff's Signature

Asher Bomani Lewis – Pro Se
Address: 3668 El Toro Street
        Las Vegas, NV 89121
Phone: (909)635-7445
Email: inevitablegains@gmail.com

Asher Bomani Lewis
‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗
Plaintiff's Signature


Stuart Wayne Springfield – Pro Se
Address: 14/3 Ferguson Street
        Maylands 6051 Western Australia
Phone: 61-438-241-970
Email: stuartspringfield@gmail.com

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗
Plaintiff's Signature


Christine Linda Masters – Pro Se
Address: 14/3 Ferguson Street
        Maylands 6051 Western Australia
Phone: 61-416-802-023
Email: chrissy.masters@icloud.com

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗
Plaintiff's Signature


Juan Junior Nicasio – Pro Se
Address: 67 Pearl Street
        Paterson, NJ 07501
Phone: (973)389-3827
Email: nicasioonline@gmail.com

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗
Plaintiff's Signature

Aliqwan Pack – Pro Se
Address: 30 Circle Drive, A
          Tiburon, CA 94920
Phone: (732)640-7741
Email: aliqwanpack@gmail.com

_____

Plaintiff's Signature

CERTIFICATE OF SERVICE

We hereby certify that on June 22, 2025, a copy of the foregoing Complaint was served on all counsel of record via email.

Gabriela Janeta Roman – Pro Se
Address: 10020 NW 50th Manor
          Coral Springs, FL 33076
Phone: (954)682-1985
Email: roma1531@gmail.com

_____

Plaintiff's Signature

Christopher Emanuel Szabo – Pro Se
Address: 10020 NW 50th Manor
          Coral Springs, FL 33076
Phone: (954)682-2988
Email: christopheremanuelszabo@gmail.com

_____

Plaintiff's Signature

Khaled Elsisi – Pro Se
Address: 735 Galloping Hill Rd
          Union, NJ 07083
Phone: (201)365-8524
Email: khaled_elsisi19@hotmail.com

_KHALED ELSISI_
_____
Plaintiff's Signature

Linwood Walker – Pro Se
Address: 63 Elm Street
          Florham Park, NJ 07933
Phone: (973)525-7790
Email: Lwalker3402@yahoo.com

_LINWOOD WALKER_
_____
Plaintiff's Signature

Najy Kanan – Pro Se
Address: 5 McCabe Ct
          Little Ferry, NJ 07643
Phone: (201)600-2770
Email: Najy123@gmail.com

_NAJY KANAN_
_____
Plaintiff's Signature

Robert Yeng – Pro Se
Address: 46 Marina Drive
          Bayonne, NJ 07002
Phone: (201)238-0074
Email: ryeng2012@gmail.com

_ROBERT YENG_
_____
Plaintiff's Signature

Luis Pinos – Pro Se
Address: 199 Alton St
            Elizabeth, NJ 07202
Phone: (201)838-5897
Email: luispinos64@yahoo.com

*LUIS PINOS*
_____
Plaintiff's Signature

Ahmed Sharafeldin – Pro Se
Address: 482 Avenue E
            Bayonne, NJ 07002
Phone: (201)253-9960
Email: ahmed.m.sharafeldin@gmail.com

*AHMED SHARAFELDIN*
_____
Plaintiff's Signature

Ricardo Marquez – Pro Se
Address: 122 Watson Ave
            Newark, NJ 07112
Phone: (732)322-6866
Email: MARQUEZSALES16@gmail.com

*RICARDO MARQUEZ*
_____
Plaintiff's Signature

Barry Rosner – Pro Se
Address: 50 Morris Ave, Fl 1
            Summit, NJ 07901
Phone: (973)960-6520
Email: barry.rosner@route22toyota.com

*BARRY ROSNER*
_____
Plaintiff's Signature

Ahmed Khedr – Pro Se
Address: 358 Kettle Creek Rd, #4
        Toms River, NJ 08753
Phone: (732)664-5502
Email: ahmedkhedr5161@gmail.com

*AHMED KHEDR*

_____
Plaintiff's Signature

Asher Bomani Lewis – Pro Se
Address: 3668 El Toro Street
        Las Vegas, NV 89121
Phone: (909)635-7445
Email: inevitablegains@gmail.com

Asher Bomani Lewis
_____
Plaintiff's Signature

Stuart Wayne Springfield – Pro Se
Address: 14/3 Ferguson Street
        Maylands 6051 Western Australia
Phone: 61-438-241-970
Email: stuartspringfield@gmail.com

_____
Plaintiff's Signature

Christine Linda Masters – Pro Se
Address: 14/3 Ferguson Street
        Maylands 6051 Western Australia
Phone: 61-416-802-023
Email: chrissy.masters@icloud.com

_____
Plaintiff's Signature

Juan Junior Nicasio – Pro Se

Address: 67 Pearl Street

           Paterson, NJ 07501

Phone: (973)389-3827

Email: nicasioonline@gmail.com

_____

Plaintiff's Signature


Aliqwan Pack – Pro Se

Address: 30 Circle Drive, A

           Tiburon, CA 94920

Phone: (732)640-7741

Email: aliqwanpack@gmail.com

_____

Plaintiff's Signature