IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, et al.,<br><br>Plaintiffs,<br>v.<br><br>CFT SOLUTIONS, et al.,<br><br>Defendants. | Civil Action No. 2:23:cv-20773<br><br>**Motion Return Date: August 18, 2025** |

**BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION,
ATTENDANCE AT DEPOSITIONS, AND FOR SANCTIONS**

Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy (collectively, the "Defendants"), through undersigned counsel and pursuant to Fed. R. Civ. P. 34 and 37, D.N.J. L. Civ. R. 7.1 and 37.1, as well as this Court's Third Amended Jurisdictional Scheduling Order [D.E. 137], file this Brief in Support of their Motion to Compel Production, Attendance at Depositions, and for Sanctions (the "Motion"), and state:

1. Plaintiffs filed their initial Complaint on September 9, 2023. [D.E. 1].

2. On January 10, 2024, Defendants moved to dismiss the Complaint on the grounds that this Court lacks personal jurisdiction and moved to compel arbitration. [D.E. 11].

3. On May 30, 2024, the Court denied Defendants' motion without prejudice to take jurisdictional discovery. [D.E. 49].

4. On June 11, 2024, the Court entered a Jurisdictional Scheduling Order permitted the parties to, among other things, serve requests for production of documents and take first-party depositions limited to jurisdictional discovery on or before December 6, 2024. [D.E. 53].

5. Plaintiffs' counsel thereafter sought to withdraw, however. [D.E. 56].

6. On February 25, 2025, the Court did permitted counsel to withdraw. [D.E. 88].

7. The next day, the Court entered its First Amended Jurisdictional Scheduling Order which extended the time to engage in jurisdictional discovery. [D.E. 89].

8. On March 12, 2025, the Court entered a Second Amended Jurisdictional Scheduling Order that further extended the time for jurisdictional discovery to occur. [D.E. 99].

9. On March 21, 2025, Plaintiffs moved to vacate the jurisdictional discovery plan, obtain leave to file an Amended Complaint, and stay "all jurisdictional discovery proceedings until the court rules on jurisdiction based on the Amended Complaint." [D.E. 103].

10. On April 11, 2025, the Court denied Plaintiffs' motion to vacate the jurisdictional discovery plan and directed them to file an Amended Complaint no later than May 10, 2025. [D.E. 107].

11. On April 18, 2025, Defendants served each Plaintiff with a request to produce documents limited to jurisdictional issues in accordance with Federal Rule of Civil Procedure 34 (each a "Request" and collectively, the "Requests").

12. Plaintiffs filed their Amended Complaint the same day. [D.E. 111].

13. On May 14, 2025, Defendants filed a Motion for Clarification and to Compel Plaintiffs' Attendance at Depositions (the "Motion to Compel Depositions") because Plaintiffs continuously refused to offer available dates to be deposed when Defendants attempted to coordinate same. [D.E. 116].

14. Plaintiffs' deadline to serve responses to the Requests was May 19, 2025; but none complied with the deadline to do so.

15. On May 23, 2025, Defendants accordingly filed a Motion to Compel Production and for Sanctions (the "Motion to Compel Production"). [D.E. 124].

16. One June 11, 2025, this Court entered an Order granting the Motion to Compel Depositions and Motion to Compel Production but denied Defendants' request for sanctions without prejudice. [D.E. 135].

17. On June 13, 2025, this Court entered its Third Amended Jurisdictional Scheduling Order (the "Order"). [D.E. 137].

18. In the Order, the Court required Plaintiffs to, among other things, respond to Defendants' discovery requests on or before July 30, 2025, and that the parties complete the jurisdictional depositions by September 30, 2025. *Id.*

19. That same day, Defendants again attempted to coordinate each of Plaintiffs' depositions, but Plaintiffs again refused to coordinate same. A true and correct copy of the foregoing correspondence is attached hereto as Exhibit "A."

20. Plaintiffs have since filed various motions suggesting that they do not intend to comply with the Order. [*See* D.E. 138, 139, 141].

21. Defendants accordingly anticipate that Plaintiffs will not timely respond to the Requests, offer available dates to be deposed, or attend the jurisdictional depositions.

22. The Court has required that "[d]iscovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **July 17, 2025. The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date.**" [D.E. 137] (emphasis in original).

23. Although neither the deadline for Plaintiffs to respond to the Requests (July 30, 2025), nor the deadline for the parties to complete the jurisdictional depositions (September 30, 2025) has yet occurred, Defendants file this Motion in an abundance of caution given that the deadline to bring discovery is July 17, 2025.[1] *Id.*

---

[1] Should Plaintiffs timely respond to Defendants' Requests, Defendants will notify the Court of same.

3

24. If, as Plaintiffs' ongoing pattern of refusing to comply with this Court's prior orders or engage in discovery suggests is likely to occur, Plaintiffs fail to timely respond to the Requests or coordinate or attend the jurisdictional depositions, the foregoing will constitute violations of Rule 34(b)(2)(A) and the Order. It would be the second time that they will have violated this Court's order. Upon doing so, this Court should (again) compel Plaintiffs to produce all documents responsive to the Requests, (again) compel each Plaintiff to coordinate the date of their deposition concerning the basis for specific personal jurisdiction and thereafter attend such deposition, and (this time) award Defendants the costs associated with having to move to compel Plaintiffs to comply with their discovery obligations and Court orders on multiple occasions. . *See* Fed. R. Civ. P. 37(a)(5); Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 37(d).

Date: July 17, 2025               Respectfully submitted,

**NELSON MULLINS RILEY& SCARBOROUGH LLP**

     *Elyse Cohen*
ELYSE N. COHEN, ESQ.
N.J. Attorney Id. No. 155212015
1000 Westlakes Drive, Suite 275
Berwyn, PA 19312
(p): 610-943-5354
Elyse.Cohen@nelsonmullins.com

And

*Justin Kaplan*
JUSTIN KAPLAN, ESQ.
*Admitted Pro Hac Vice*
Florida Bar No. 33725
2 South Biscayne Blvd., 21st Floor
Miami, FL 33131
(p): 305.373.9436
Justin.Kaplan@nelsonmullins.com
Elaine.Kussurelis@nelsonmullins.com
*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief in Support of Motion for Clarification and to Compel Attendance at Deposition has been served by electronic mail upon Plaintiffs and all counsel of record.

Gabriela Janeta Roman – Pro Se
Roma1531@gmail.com

Christopher Emanuel Szabo – Pro Se
christoperemanuelszabo@gmail.com

Khaled Elsisi – Pro Se
Khaled_elsisi19@hotmail.com

Linwood Walker – Pro Se
Lwalker3402@yahoo.com

Najy Kanan – Pro Se
Najy123@gmail.com

Robert Yeng – Pro Se
ryeng2012@gmail.com

Luis Pinos – Pro Se
Luispinos64@yahoo.com

Ahmed Sharafeldin – Pro Se
ahmed.m.sharafeldin@gmail.com

Ricardo Marquez – Pro Se
Marquezsales16@gmail.com

Barry Rosner – Pro Se
barry.rosner@route22toyota.com

Ahmed Khedr – Pro Se
Ahmedkhedr5161@gmail.com

Asher Bomani Lewis – Pro Se
inevitablegains@gmail.com

Stuart Wayne Springfield – Pro Se
stuartspringfield@gmail.com

Christine Linda Masters – Pro Se
Chrissy.masters@icloud.com

Juan Junior Nicasio – Pro Se
nicasioonline@gmail.com

Aliqwan Pack – Pro Se
aliqwanpack@gmail.com

Amar Anand Agrawal, Esquire
aagrawal@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Douglas James Ferguson, Esquire
dferguson@egalawfirm.com
*Counsel for Defendant Yvenson Israel*

Dated: July 17, 2025

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

BY: */s/ Elyse Cohen*
Elyse N. Cohen, Esq. (PA ID No. 155212015)

*Attorneys for Defendants, CFT Solutions, LLC, Renan De Rocha Gomes Bastos, and Arthur Percy*

5