# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHALED ELSISI, NAJY KANAN, AHMED KHDER, RICARDO MARQUEZ, ASHER BOMANI LEWIS, LUIS PINOS, CHRISTINE LINDA MASTERS, AHMED SHARAFELDIN, LINWOOD WALKER, BARRY ROSNER, STUART WAYNE SPRINGFIELD, ROBERT YENG, GABRIELA JANETA ROMAN, and CHRISTOPHER EMANUEL SZABO | Civil Action No. 2:23:cv – 20773 JURY TRIAL DEMANDED |

**Plaintiffs**

**v.**

CFT SOLUTIONS, LLC, ARTHUR PERCY, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, DIVINE-SEVEN EL, CHUCK MARSHALL, MICHAEL JEX, and ELIDO SANTANA

**Defendants**


## PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)

### Introduction

Plaintiffs respectfully request that the Clerk enter default against Defendants under Federal Rule of Civil Procedure 55(a). On May 30, 2024, the Court denied Defendants' motions to dismiss (Dkt. 49). Under Rule 12(a)(4)(A), Defendants were required to

answer the Complaint within fourteen (14) days of that ruling. Defendants failed to answer, failed to request an extension, and failed to otherwise defend. Entry of default is mandatory.

## Procedural Background

1. Plaintiffs filed their original Complaint on September 28, 2023.

2. Defendants filed motions to dismiss (Dkt. 11, 20).

3. On May 30, 2024, Judge Farbiarz entered an order denying those motions "without prejudice" and granting partial jurisdiction (Dkt. 49).

4. Pursuant to Rule 12(a)(4)(A), Defendants were required to serve an answer within 14 days of that order—no later than June 14, 2024.

5. Defendants did not file an answer, did not seek an extension, and did not otherwise defend against the operative Complaint.

6. At the time, Plaintiffs were represented by counsel. Plaintiffs expressly instructed counsel, Elena Fast and Michael Perkins, to compel Defendants to answer the Complaint or enter default. Counsel refused, then withdrew from representation. (See Exhibit A).

7. While Plaintiffs remained represented, the Court barred them from filing pro se motions or even submitting court-approved documents, particularly after the October 9, 2024, conference.

8. Plaintiffs now appear pro se and respectfully renew their request for entry of default pursuant to Rule 55(a).

## Legal Standard

Rule 55(a) provides: *"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."*

Rule 12(a)(4)(A) provides that if the court denies a motion under Rule 12, the responsive pleading must be filed within 14 days after notice of the court's action.

*"If the court* **denies** *the motion or postpones its disposition until trial → the responsive pleading must be served* within 14 days after notice *of the court's action."*

Failure to answer within that period constitutes a waiver of defenses, including personal jurisdiction. *See Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 703–05 (1982).

**Argument**

1. **Defendants failed to answer within the Rule 12(a)(4)(A) period.**
   - May 30, 2024, order triggered a 14-day obligation.
   - Defendants did not file an answer or request relief.

2. **Defendants' refusal to answer was deliberate.**
   - On June 19, 2024, Plaintiffs' then-counsel Michael Perkins admitted in writing that Defendants had chosen not to answer the Complaint because they feared doing so would waive their jurisdictional defense. He wrote: *"They claim that if they answer the complaint that they will have 'waived' their ability to contest the issue of personal jurisdiction."* (Exhibit A).
   - This admission confirms Defendants knowingly defaulted on their Rule 12(a)(4)(A) obligation.

3. **Plaintiffs attempted to enforce the deadline through counsel.**
   - Plaintiffs instructed counsel to compel Defendants to answer or enter default. Counsel refused, then sought withdrawal.
   - Plaintiffs were barred from filing pro se requests while represented, leaving them without recourse until now.

4. **Defendants' deliberate refusal is not a defense.**

Defendants cannot argue that their failure to answer was justified by a desire to preserve jurisdictional defenses. Perkins' June 19, 2024, admission eliminates any claim of oversight or mistake. Defendants were fully aware of their obligation and deliberately refused to comply. Their conscious choice not to answer is not a defense to default—it is an admission that they knowingly risked and thereby triggered waiver.

Rule 12(h)(1) is explicit: a party waives jurisdictional defenses if not timely raised in an answer or motion. By refusing to answer within the 14-day period after the Court's May 30, 2024, Order, Defendants irrevocably waived any such defenses. Entry of default under Rule 55(a) is therefore mandatory.

5. **Plaintiffs are not moving for default judgment.**

Plaintiffs are not, at this time, moving for default judgment under Rule 55(b). They seek only entry of default under Rule 55(a), which is a ministerial act triggered by Defendants' failure to answer. Participation in jurisdictional discovery cannot retroactively cure Defendants' waiver of Rule 12 defenses, nor can it excuse their failure to plead within the time prescribed by Rule 12(a)(4)(A). Entry of default is therefore mandatory, regardless of Defendants' subsequent activity.

6. **Judge Hammer's June 11 Order Was No Excuse**

The Magistrate's June 11, 2024, scheduling order did not relieve Defendants of their Rule 12(a)(4)(A) obligation to answer the Complaint by June 14, 2024. Only the District Judge could have extended that deadline, and no such extension was requested or granted. Although months later, on May 27, 2025, the Magistrate stated that Defendants could answer the Amended Complaint after jurisdictional discovery, no order from June 2024 or thereafter suspended Defendants' obligation to timely answer the original Complaint.

Defendants' own counsel confirmed this reality on June 19, 2024, admitting in writing that Defendants deliberately refused to answer because they feared waiver of jurisdiction: *"They claim that if they answer the complaint that they will have 'waived' their ability to contest the issue of personal jurisdiction."* (Exhibit A). This admission proves their default was intentional, not excused.

7. **The Court's Awareness of Defendants' Defaults**

Plaintiffs repeatedly notified the Court of Defendants' failure to answer the complaints and the resulting defaults:

- **Dkt. 103** (Plaintiffs' Motion): *"Moreover, this request does not prejudice Defendants, as they have never answered the initial complaint and have been in default for over nine (9) months."* This was denied by the Magistrate on April 11, 2025 (**Dkt. 107**).
- **Dkt. 127** (Plaintiffs' Opposition): *"No delay or prejudice to the Defendants has occurred. Rather, it is Defendants who: Avoided answering the complaint for over 18 months."* This filing was addressed in **Dkt. 134**, but the Court ignored Plaintiffs' point regarding Defendants' default.

Despite these repeated references, the Magistrate later claimed confusion during the September 11, 2025, conference, stating: *"Wait, who failed to respond to the— I'm sorry, who failed—"*. This demonstrates not lack of notice, but deliberate disregard of Plaintiffs' filings.

By refusing to acknowledge or enforce Defendants' defaults — even when specifically briefed — and instead imposing jurisdictional discovery on Plaintiffs, the Magistrate acted contrary to Rule 55 and prejudiced Plaintiffs. This conduct reflects mismanagement of the docket and intentional suppression of procedural rights.

8. **Entry of default is mandatory under Rule 55(a)**

- ○ Rule 55(a) requires the Clerk to enter default once the failure is shown.
- ○ Defendants' silence forfeits any jurisdictional objections under Rule 12(h)(1).

## Conclusion

Defendants were required to answer the Complaint within fourteen (14) days of the Court's May 30, 2024, Order. They deliberately refused to do so, and their waiver of jurisdictional defenses is now established under Rule 12(h)(1). Rule 55(a) makes entry of default mandatory once that failure is shown. Plaintiffs therefore respectfully request that the Clerk immediately enter default against Defendants.

## Clerk's Ministerial Duty

Rule 55(a) imposes a *mandatory ministerial duty* upon the Clerk: once a failure to plead or otherwise defend is shown, the Clerk must enter default. This function is administrative, not judicial, and is not subject to discretion or override. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982) ("The entry of default by the clerk is a purely ministerial act."). *

Plaintiffs note that in prior instances, their pro se filings were blocked from the docket at the direction of the Magistrate. Any similar obstruction of this Rule 55(a) request would constitute an improper interference with the Clerk's ministerial duty and further prejudice Plaintiffs' rights.

Dated: September 15, 2025

Respectfully submitted,

Gabriela Janeta Roman – Pro Se
Address: 10020 NW 50th Manor
            Coral Springs, FL 33076
Phone: (954)682-1985
Email: roma1531@gmail.com

_____
Plaintiff's Signature

Christopher Emanuel Szabo – Pro Se
Address: 10020 NW 50th Manor
            Coral Springs, FL 33076
Phone: (954)682-2988
Email: christoperemanuelszabo@gmail.com

_____
Plaintiff's Signature

Khaled Elsisi – Pro Se
Address: 735 Galloping Hill Rd
            Union, NJ 07083
Phone: (201)365-8524
Email: khaled_elsisi19@hotmail.com

_____
Plaintiff's Signature

Linwood Walker – Pro Se
Address: 63 Elm Street
            Florham Park, NJ 07933
Phone: (973)525-7790
Email: Lwalker3402@yahoo.com

_____
Plaintiff's Signature

Najy Kanan – Pro Se
Address: 5 McCabe Ct
       Little Ferry, NJ 07643
Phone: (201)600-2770
Email: Najy123@gmail.com

*Najy Kanan*
_____
Plaintiff's Signature

Robert Yeng – Pro Se
Address: 46 Marina Drive
       Bayonne, NJ 07002
Phone: (201)238-0074
Email: ryeng2012@gmail.com

*Robert Yeng*
_____
Plaintiff's Signature

Luis Pinos – Pro Se
Address: 199 Alton St
       Elizabeth, NJ 07202
Phone: (201)838-5897
Email: luispinos64@yahoo.com

*Luis Pinos*
_____
Plaintiff's Signature

Ahmed Sharafeldin – Pro Se
Address: 482 Avenue E
       Bayonne, NJ 07002
Phone: (201)253-9960
Email: ahmed.m.sharafeldin@gmail.com

*Ahmed Sharafeldin*
_____
Plaintiff's Signature

Ricardo Marquez – Pro Se
Address: 122 Watson Ave
Newark, NJ 07112
Phone: (732)322-6866
Email: MARQUEZSALES16@gmail.com

*Ricardo Marquez*

Plaintiff's Signature

Barry Rosner – Pro Se
Address: 50 Morris Ave, Fl 1
Summit, NJ 07901
Phone: (973)960-6520
Email: barry.rosner@route22toyota.com

*Barry Rosner*

Plaintiff's Signature

Ahmed Khedr – Pro Se
Address: 358 Kettle Creek Rd, #4
Toms River, NJ 08753
Phone: (732)664-5502
Email: ahmedkhedr5161@gmail.com

*Ahmed Khedr*

Plaintiff's Signature

Asher Bomani Lewis – Pro Se
Address: 3668 El Toro Street
Las Vegas, NV 89121
Phone: (909)635-7445
Email: inevitablegains@gmail.com

*Asher Lewis*

Plaintiff's Signature

Stuart Wayne Springfield – Pro Se
Address: 14/3 Ferguson Street
       Maylands 6051 Western Australia
Phone: 61-438-241-970
Email: stuartspringfield@gmail.com

_Stuart Springfield_
_____
Plaintiff's Signature

Christine Linda Masters – Pro Se
Address: 14/3 Ferguson Street
       Maylands 6051 Western Australia
Phone: 61-416-802-023
Email: chrissy.masters@icloud.com

_Christine Masters_
_____
Plaintiff's Signature

CERTIFICATE OF SERVICE

We hereby certify that on September 15, 2025, a copy of the foregoing document was served on all counsel of record via email.

Gabriela Janeta Roman – Pro Se
Address: 10020 NW 50th Manor
       Coral Springs, FL 33076
Phone: (954)682-1985
Email: roma1531@gmail.com

_Gabriela Roman_
_____
Plaintiff's Signature

Christopher Emanuel Szabo – Pro Se
Address: 10020 NW 50th Manor
            Coral Springs, FL 33076
Phone: (954)682-2988
Email: christopheremanuelszabo@gmail.com



_____
Plaintiff's Signature

Khaled Elsisi – Pro Se
Address: 735 Galloping Hill Rd
            Union, NJ 07083
Phone: (201)365-8524
Email: khaled_elsisi19@hotmail.com

_____
Plaintiff's Signature

Linwood Walker – Pro Se
Address: 63 Elm Street
            Florham Park, NJ 07933
Phone: (973)525-7790
Email: Lwalker3402@yahoo.com

_____
Plaintiff's Signature

Najy Kanan – Pro Se
Address: 5 McCabe Ct
            Little Ferry, NJ 07643
Phone: (201)600-2770
Email: Najy123@gmail.com

_____
Plaintiff's Signature

Robert Yeng – Pro Se
Address: 46 Marina Drive
          Bayonne, NJ 07002
Phone: (201)238-0074
Email: ryeng2012@gmail.com

_Robert Yeng_
_____
Plaintiff's Signature

Luis Pinos – Pro Se
Address: 199 Alton St
          Elizabeth, NJ 07202
Phone: (201)838-5897
Email: luispinos64@yahoo.com

_Luis Pinos_
_____
Plaintiff's Signature

Ahmed Sharafeldin – Pro Se
Address: 482 Avenue E
          Bayonne, NJ 07002
Phone: (201)253-9960
Email: ahmed.m.sharafeldin@gmail.com

_Ahmed Sharafeldin_
_____
Plaintiff's Signature

Ricardo Marquez – Pro Se
Address: 122 Watson Ave
          Newark, NJ 07112
Phone: (732)322-6866
Email: MARQUEZSALES16@gmail.com

_Ricardo Marquez_
_____
Plaintiff's Signature

Barry Rosner – Pro Se
Address: 50 Morris Ave, Fl 1
       Summit, NJ 07901
Phone: (973)960-6520
Email: barry.rosner@route22toyota.com

*Barry Rosner*
_____
Plaintiff's Signature

Ahmed Khedr – Pro Se
Address: 358 Kettle Creek Rd, #4
       Toms River, NJ 08753
Phone: (732)664-5502
Email: ahmedkhedr5161@gmail.com

*Ahmed Khedr*
_____
Plaintiff's Signature

Asher Bomani Lewis – Pro Se
Address: 3668 El Toro Street
       Las Vegas, NV 89121
Phone: (909)635-7445
Email: inevitablegains@gmail.com

*Asher Lewis*
_____
Plaintiff's Signature

Stuart Wayne Springfield – Pro Se
Address: 14/3 Ferguson Street
       Maylands 6051 Western Australia
Phone: 61-438-241-970
Email: stuartspringfield@gmail.com

*Stuart Springfield*
_____
Plaintiff's Signature

Christine Linda Masters – Pro Se
Address: 14/3 Ferguson Street
        Maylands 6051 Western Australia
Phone: 61-416-802-023
Email: chrissy.masters@icloud.com

*Christine Masters*

Plaintiff's Signature