# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KHALED ELSISI, NAJY KANAN, AHMED KHDER, RICARDO MARQUEZ, ASHER BOMANI LEWIS, LUIS PIÑOS, CHRISTINE LINDA MASTERS, AHMED SHARAFELDIN, LINWOOD WALKER, BARRY ROSNER, STUART WAYNE SPRINGFIELD, ROBERT YENG, GABRIELA JANETA ROMAN, and CHRISTOPHER EMANUEL SZABO** | Civil Action No. 2:23:cv – 20773 |
| **Plaintiffs** | |
| v. | |
| **CFT SOLUTIONS, LLC, ARTHUR PERCY, RENAN DE ROCHA GOMES BASTOS, YVENSON ISRAEL, DIVINE-SEVEN EL, CHUCK MARSHALL, MICHAEL JEX, and ELIDO SANTANA** | |
| **Defendants** | |

## PLAINTIFFS' MOTION TO COMPEL THE CLERK OF COURT TO ENTER DEFAULT UNDER RULE 55(a)

**To Honorable Judge Farbiarz,**

**I. Introduction and Background**

Plaintiffs respectfully move the Court to compel the Clerk of Court to enter default against Defendants CFT, Bastos, Percy, and Israel pursuant to Fed. R. Civ. P. 55(a).

This motion concerns Defendants' failure to answer the original complaint, not the later-filed amended complaint. Plaintiffs' initial pleading remains the operative basis for these defaults because the deadlines to respond expired before any amendment was filed, and no court order has vacated or tolled those obligations. Despite Plaintiffs' multiple

requests, the Clerk has declined to perform the mandatory ministerial act of entering default.

## II. Procedural History

1. **Service of Process.**

   Defendant Israel was personally served on December 12, 2023.

2. **Failure to Respond.**

   Israel did not seek an extension or file an answer within the 21-day period required by Rule 12(a)(1)(A)(i).

3. **Motion to Dismiss.**

   On February 19, 2024, Israel filed a Motion to Dismiss asserting lack of jurisdiction and arbitration defenses.

4. **Court's May 30 Order.**

   On May 30, 2024, the Court denied the motion to dismiss without prejudice and ordered limited jurisdictional discovery.

5. **Fourteen-Day Obligation to Answer.**

   Under Rule 12(a)(4)(A), Defendants were required to serve an answer within 14 days after the denial of their motion to dismiss—by June 13, 2024. No Defendant filed an answer or obtained an extension.

6. **Requests for Entry of Default.**

Plaintiffs filed formal Requests for Entry of Default at Dkt. 153, Dkt. 158, and Dkt. 160.

7. **Clerk's Refusals.**

The Clerk first declined to act, citing Dkt. 126, an order allowing Defendants not to answer the *amended* complaint pending jurisdictional discovery. When Plaintiffs clarified that the default requests pertained to the *original* complaint, the Clerk issued the following Quality Control Message:

"Please be advised that the [160] Request for Default … cannot be granted as requested because an Amended Complaint has been filed, making the original Complaint no longer operative. This submission will remain on the docket unless otherwise ordered by the Court."

The Clerk provided no legal authority for this position.

### III. Argument

1. **The Clerk's Duty Under Rule 55(a) Is Ministerial.**

Rule 55(a) requires the Clerk to "enter the party's default" when a failure to plead or otherwise defend "is shown by affidavit or otherwise." Entry of default is a *ministerial* act. *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("The clerk has no discretion when the procedural prerequisites are met."); *10A Wright & Miller, Fed. Prac. & Proc. Civ.* § 2682 (4th ed.).

The function of entering default is strictly ministerial. As explained in *Bristol Convalescent Hosp. v. Stone*, 258 Cal. App. 2d 848, 859 (Cal. Ct. App. 1968):

"The entry of the default is a ministerial duty performed by the clerk, who has no duty and no authority himself to make a determination whether the answer to the original complaint might stand as an answer to the amended complaint. Such determination is a matter of law calling for the exercise of judicial decision.... The clerk's function is to determine if there is proof of service and whether an answer has been filed within the time allowed by law or the order of the court."

This principle applies with equal force in federal practice. The Clerk's sole inquiry Is procedural—whether a timely answer was filed—not whether a later pleading affects that obligation. Any legal determination about the amended complaint's impact is reserved for the Court, not the Clerk. By withholding entry of default based on its own interpretation of legal effect, the Clerk exceeded the limits of Rule 55(a) and performed a judicial act without authority.

2. **A Later-Filed Amended Complaint Does Not Erase an Existing Default.** Courts consistently hold that the filing of an amended complaint does not retroactively nullify a default that had already occurred. *Farhang v. Indian Inst. of Tech.*, 2010 WL 2228936 (N.D. Cal. 2010); *Frow v. De La Vega*, 82 U.S. 552 (1872); *United States v. 1998 BMW "BMW 528i"*, 308 F. Supp. 2d 468 (S.D.N.Y. 2004). Defendants' failure to answer the original complaint therefore remains actionable under Rule 55(a).

3. **Rule 12(a)(4)(A) Triggered a New Deadline After the Denial of the Motion to Dismiss.**

Once the Court denied the motion on May 30, 2024, Defendants were obligated to file an answer within fourteen days. Their collective silence since that date satisfies Rule 55(a)'s requirement that the default "is shown by affidavit or otherwise."

4. **The Clerk's Justification Lacks Legal Basis.**

Neither Dkt. 126 nor the existence of an amended complaint excuses the Clerk from performing the mandatory duty to record default on the earlier pleading. Only the Court may vacate or modify a default once entered; the Clerk cannot pre-empt that step by withholding entry.

5. **Judicial Intervention Is Now Required.**

Because the Clerk has declined to act after three separate requests, Plaintiffs seek this Court's directive to ensure compliance with Rule 55(a). Without entry of default, Plaintiffs remain unable to move for default judgment or otherwise proceed.

## IV. Relief Requested

Plaintiffs respectfully request that the Court:

1. Order the Clerk of Court to enter default against Defendants CFT, Bastos, Percy, and Israel under Fed. R. Civ. P. 55(a);
2. Confirm that the amended complaint does not negate defaults that arose under the original complaint; and
3. Grant such other and further relief as the Court deems just and proper.

## V. Conclusion

For the reasons stated, Plaintiffs request prompt judicial intervention compelling the Clerk to enter default. The record establishes Defendants' failure to answer or otherwise defend within the time allowed, and no rule or order authorizes the Clerk to disregard Rule 55(a)'s mandatory directive.

Date: October 9, 2025                                              Respectfully submitted,

01. Gabriela Janeta Roman – Pro Se
    Address: 10020 NW 50th Manor
             Coral Springs, FL 33076
    Phone: (954)682-1985
    Email: roma1531@gmail.com

    _____
    Plaintiff's Signature

02. Christopher Emanuel Szabo – Pro Se
    Address: 10020 NW 50th Manor
             Coral Springs, FL 33076
    Phone: (954)682-2988
    Email: christoperemanuelszabo@gmail.com

    _____
    Plaintiff's Signature

03. Khaled Elsisi – Pro Se
    Address: 735 Galloping Hill Rd
             Union, NJ 07083
    Phone: (201)365-8524
    Email: khaled_elsisi19@hotmail.com

    _____
    Plaintiff's Signature

04. Linwood Walker – Pro Se
    Address: 63 Elm Street
             Florham Park, NJ 07933
    Phone: (973)525-7790
    Email: Lwalker3402@yahoo.com

    _____
    Plaintiff's Signature

05. Najy Kanan – Pro Se
    Address: 5 McCabe Ct
             Little Ferry, NJ 07643
    Phone: (201)600-2770
    Email: Najy123@gmail.com

    *Najy Kanan*
    _____
    Plaintiff's Signature

06. Robert Yeng – Pro Se
    Address: 46 Marina Drive
             Bayonne, NJ 07002
    Phone: (201)238-0074
    Email: ryeng2012@gmail.com

    *Robert Yeng*
    _____
     Plaintiff's Signature

07. Luis Pinos – Pro Se
    Address: 199 Alton St
             Elizabeth, NJ 07202
    Phone: (201)838-5897
    Email: luispinos64@yahoo.com

    *Luis Pinos*
    _____
    Plaintiff's Signature

08. Ahmed Sharafeldin – Pro Se
    Address: 482 Avenue E
             Bayonne, NJ 07002
    Phone: (201)253-9960
    Email: ahmed.m.sharafeldin@gmail.com

    *Ahmed Sharafeldin*
    _____
    Plaintiff's Signature

09. Ricardo Marquez – Pro Se
    Address: 122 Watson Ave
             Newark, NJ 07112
    Phone: (732)322-6866
    Email: MARQUEZSALES16@gmail.com

    *Ricardo Marquez*
    _____
    Plaintiff's Signature

10. Barry Rosner – Pro Se
    Address: 50 Morris Ave, Fl 1
             Summit, NJ 07901
    Phone: (973)960-6520
    Email: barry.rosner@route22toyota.com

    *Barry Rosner*
    _____
    Plaintiff's Signature

11. Ahmed Khedr – Pro Se
    Address: 358 Kettle Creek Rd #4
             Toms River, NJ 08753
    Phone: (732)664-5502
    Email: ahmedkhedr5161@gmail.com

    *Ahmed Khedr*
    _____
    Plaintiff's Signature

12. Asher Bomani Lewis – Pro Se
    Address: 3668 El Toro Street
             Las Vegas, NV 89121
    Phone: (909)635-7445
    Email: inevitablegains@gmail.com

    *Asher Lewis*
    _____
    Plaintiff's Signature

13. Stuart Wayne Springfield – Pro Se
    Address: 14/3 Ferguson Street
             Maylands 6051 Western Australia
    Phone: 61-438-241-970
    Email: stuartspringfield@gmail.com

    *Stuart Springfield*
    Plaintiff's Signature

14. Christine Linda Masters – Pro Se
    Address: 14/3 Ferguson Street
             Maylands 6051 Western Australia
    Phone: 61-416-802-023
    Email: chrissy.masters@icloud.com

    *Christine Masters*
    Plaintiff's Signature


**CERTIFICATE OF SERVICE**

We hereby certify that on October 9, 2025, a copy of the foregoing document was served on all counsel of record via email.


01. Gabriela Janeta Roman – Pro Se
    Address: 10020 NW 50th Manor
             Coral Springs, FL 33076
    Phone: (954)682-1985
    Email: roma1531@gmail.com

    *Gabriela Roman*
    Plaintiff's Signature

02. Christopher Emanuel Szabo – Pro Se
    Address: 10020 NW 50th Manor
             Coral Springs, FL 33076
    Phone: (954)682-2988
    Email: christoperemanuelszabo@gmail.com

    _____
    Plaintiff's Signature

03. Khaled Elsisi – Pro Se
    Address: 735 Galloping Hill Rd
             Union, NJ 07083
    Phone: (201)365-8524
    Email: khaled_elsisi19@hotmail.com

    _____
    Plaintiff's Signature

04. Linwood Walker – Pro Se
    Address: 63 Elm Street
             Florham Park, NJ 07933
    Phone: (973)525-7790
    Email: Lwalker3402@yahoo.com

    *Linwood Walker*
    _____
    Plaintiff's Signature

05. Najy Kanan – Pro Se
    Address: 5 McCabe Ct
             Little Ferry, NJ 07643
    Phone: (201)600-2770
    Email: Najy123@gmail.com

    *Najy Kanan*
    _____
    Plaintiff's Signature

06. Robert Yeng – Pro Se
    Address: 46 Marina Drive
             Bayonne, NJ 07002
    Phone: (201)238-0074
    Email: ryeng2012@gmail.com

    *Robert Yeng*
    _____
    Plaintiff's Signature

07. Luis Pinos – Pro Se
    Address: 199 Alton St
             Elizabeth, NJ 07202
    Phone: (201)838-5897
    Email: luispinos64@yahoo.com

    *Luis Pinos*
    _____
    Plaintiff's Signature

08. Ahmed Sharafeldin – Pro Se
    Address: 482 Avenue E
             Bayonne, NJ 07002
    Phone: (201)253-9960
    Email: ahmed.m.sharafeldin@gmail.com

    *Ahmed Sharafeldin*
    _____
    Plaintiff's Signature

09. Ricardo Marquez – Pro Se
    Address: 122 Watson Ave
             Newark, NJ 07112
    Phone: (732)322-6866
    Email: MARQUEZSALES16@gmail.com

    *Ricardo Marquez*
    _____
    Plaintiff's Signature

10. Barry Rosner – Pro Se
    Address: 50 Morris Ave, Fl 1
    Summit, NJ 07901
    Phone: (973)960-6520
    Email: barry.rosner@route22toyota.com

    *Barry Rosner*
    Plaintiff's Signature

11. Ahmed Khedr – Pro Se
    Address: 358 Kettle Creek Rd #4
    Toms River, NJ 08753
    Phone: (732)664-5502
    Email: ahmedkhedr5161@gmail.com

    *Ahmed Khedr*
    Plaintiff's Signature

12. Asher Bomani Lewis – Pro Se
    Address: 3668 El Toro Street
    Las Vegas, NV 89121
    Phone: (909)635-7445
    Email: inevitablegains@gmail.com

    *Asher Lewis*
    Plaintiff's Signature

13. Stuart Wayne Springfield – Pro Se
    Address: 14/3 Ferguson Street
    Maylands 6051 Western Australia
    Phone: 61-438-241-970
    Email: stuartspringfield@gmail.com

    *Stuart Springfield*
    Plaintiff's Signature

14. Christine Linda Masters – Pro Se
    Address: 14/3 Ferguson Street
    Maylands 6051 Western Australia
    Phone: 61-416-802-023
    Email: chrissy.masters@icloud.com

_____
Plaintiff's Signature